IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL MENDES | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-35 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT MOTION TO DISMISS**

**I. STATEMENT OF THE CASE**

A.  Identity of the Parties and Nature of the Action.

This is a civil action filed by Samuel Mendez, a prisoner incarcerated at the State Correctional Institution at Albion (SCI-Albion).  Mendez complains that two physicians at the prison did not provide him with adequate medical care for a shoulder injury that he sustained.  He contends that proper treatment was not rendered due to cost restrictions, and that this amounted to deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution.  Named as defendants are: the Pennsylvania Department of Corrections (DOC); Prison Health Services; Dr. Mark Baker; and Dr. Fraider.  Mendez is seeking compensatory and punitive damages, and an order directing that he be sent to an outside specialist for an independent medical exam.

B.  Procedural History.

A motion to dismiss was filed on behalf of the DOC, and this brief is offered in support of the motion.  Undersigned counsel only represents the DOC in this matter.

C.   Allegations in Complaint.

Mendez alleges that he injured his right arm and shoulder on March 20, 2003, while working as a janitor at SCI-Albion. See Complaint Section IV, C. On March 24, 2003, he was examined by a physician's assistant, who then referred him to Dr. Bashline for further examination. Id. Dr. Bashline subsequently made arrangements for Mendez to be examined by Dr. Fraider, an orthopedic specialist who is under contract with Prison Health Services to perform consultations at the prison. Id. Dr. Fraider examined Mendez on April 16, 2003, and determined that his injuries were cosmetic. Id. Dr. Fraider also stated that the prison's insurance would not pay for surgery to repair such injuries. Id.

On October 28, 2003, Mendez was sent to Millcreek Hospital for a second opinion. Id. Mendez was examined at the hospital by Dr. Bleday, who determined that Mendez suffered numerous problems with his shoulder that required surgical intervention. Id. On September 16, 2004, Mendez was sent to Hamot Medical Center, where he was examined by Dr. Sharma. Id. Dr. Sharma determined that nothing could be done for Mendez at this time from a surgical standpoint due to the length of time that had elapsed after the injury. Id. Mendez alleges that he is continually in pain as a result, and that his condition will impact his ability to perform his livelihood as an auto painter when he is released from prison. Id.

## II. ARGUMENT

### A.   The claims against the Pennsylvania Department of Corrections are barred by the Eleventh Amendment.

The Pennsylvania Department of Corrections is entitled to the protections of the Eleventh Amendment in this case. The Eleventh Amendment provides, "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." See U.S. Const. Amend. XI. The Supreme Court has interpreted the Amendment to prohibit suits in federal court against a state by the defendant state's own citizens as well. See Hans v. State of Louisiana, 134 U.S. 1, 18, 10 S.Ct. 504 (1890). The immunity also extends to entities that are arms of the state. See Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir.1981)(holding that the Eleventh Amendment covers "departments or agencies of the state having no existence apart from the state"). The DOC is clearly an arm of the state, and thus is entitled to the protections of the Eleventh Amendment.

Eleventh Amendment immunity is only lost for a state if one of the following events occurs: first, if a state waives its immunity; or, secondly, if Congress abrogates the state's immunity by legislation enacted pursuant to § 5 of the Fourteenth Amendment. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 1124-28 (1996). Neither of these two situations exists in this case.

Pennsylvania has explicitly reserved its right to immunity from suit in federal court in 42 Pa.C.S.A. §8521(b)("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Thus, Mendez cannot argue that the Commonwealth has waived its immunity in this case. Nor can Mendez argue that Congress properly abrogated the Eleventh Amendment through its enactment of §1983. The Supreme Court has held that Congress did not abrogate the Eleventh Amendment in enacting §1983. See Quern v. Jordan, 440 U.S. 332, 345, 99 S.Ct. 1139 (1979)(reasoning that the statute itself does not include explicit and clear language doing so, nor does its history indicate that intent). Thus, the §1983 claim against the DOC is barred by the Eleventh Amendment.

The claim against the DOC is also barred because the DOC is not a proper party under §1983.  Section 1983 of the Federal Civil Rights Act, 42 U.S.C. § 1983, by its express terms, provides a remedy for action taken by (1) a person acting under color of state law which (2) allegedly violated the plaintiff's constitutional rights. See Carlson v. Green, 466 U.S. 14, 19 (1980)(counseling that § 1983 is the exclusive vehicle for redressing constitutional claims).  The two critical factual elements of a § 1983 claim are therefore: 1) that the defendant is a "person"; and 2) that a constitutional right is implicated.

On the first element, Will v. Michigan Department of State Police, 491 U.S. 58 (1989), is dispositive.  In Will, the Court held that a state, encompassing its agencies and departments, is not a "person" under § 1983. Id. at 71; see also Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973), *cert. denied*, 416 U.S. 995(1974); Reed v. Marker, 762 F.Supp. 651 (W.D. Pa. 1990).  Again, the Pennsylvania Department of Corrections is a state agency.  Accordingly, the DOC is not a proper defendant under § 1983 since it cannot be considered a "person" under § 1983.

**B.      The medical complaints fail to state a constitutional claim.**

In order to state a cause of action for denial of medical treatment, a plaintiff must show "deliberate indifference" to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).  The indifference supporting an Eighth Amendment violation may be "manifested by prison doctors in their responses to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104.  When determining whether deliberate indifference is alleged or established, "[a] distinction must be made between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment." Nottingham v. Peoria, 709

4

F.Supp. 542, 547 (M.D.Pa.1988). This ensures that prisoners do not bring state tort claims in federal court as constitutional violations, and acknowledges that prison medical officials should be provided considerable latitude in diagnosing and treating inmate medical problems. Id.; Stroud v. Roth, 741 F.Supp. 559, 564 (E.D.Pa.1990).

From reading the complaint, it is clear that Mendez was not denied medical care. He alleges that he was seen at the prison by a physician's assistant, Dr. Bashline, and then by Dr. Fraider. See Complaint Section IV. C. Mendez only complains that Dr. Fraider wrongfully determined that his injuries were cosmetic and self-healing. Id. Prisoner complaints that are directed at the wisdom or quality of the medical care received, however, will not state an Eighth Amendment violation under §1983 even if that treatment was so negligent as to amount to malpractice. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir.1976). Mendez has alleged nothing more than negligence at best and, therefore, his complaint should be dismissed.

### III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss should be granted.

        Respectfully submitted,

        THOMAS W. CORBETT, JR.
        Attorney General

        s/Rodney M. Torbic
        Rodney M. Torbic
Office of Attorney General        Senior Deputy Attorney General
6th Floor, Manor Complex        Attorney I.D. No. 66089
564 Forbes Avenue
Pittsburgh, PA 15219        Susan J. Forney
        Chief Deputy Attorney General

Date: October 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Brief In Support of Motion to Dismiss was served upon the following via electronic mail on October 7, 2005.

Elizabeth M. Yanelli, Esquire
PIETRAGALLO, BOSICK & GORDON
One Oxford Centre
38th Floor
Pittsburgh, PA   15219

Samuel H. Foreman, Esquire
WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY
603 Stanwix Street
Suite 1450, 14 Floor
Two Gateway Center
Pittsburgh, PA   15222

**via first-class mail:**

Samuel Mendez, CY-7322
State Correctional Institution
 at Albion
10745 Route 18
Albion, PA 16475-0004

            s/Rodney M. Torbic
            Rodney M. Torbic
            Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  October 7, 2005