IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL MENDEZ, | : | ***Electronically Filed*** |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CA No. 05-35 ERIE |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, ET AL. | : | |
| | : | |
| Defendants. | : | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

AND NOW COME Defendants, Mark Baker, D.O. and Prison Health Services, Inc., by and through their attorneys, Elizabeth M. Yanelli, Esquire and Pietragallo, Bosick & Gordon, and file this Motion to Dismiss Plaintiff's Complaint as follows:

1. This is a *pro se* prisoner's civil rights action brought pursuant to 42 U.S.C. Section 1983 in which Plaintiff, Samuel Mendez, alleges that the defendants acted with deliberate indifference to his medical needs because an orthopedic specialist allegedly determined that surgery was not medically necessary to treat an injury to his right arm.

2. Defendant, Prison Health Services, Incorporated ("PHS"), is alleged to have contracted with Dr. Conrad Fraider, an orthopedic specialist, to provide consultations at SCI-Albion.

3. The Complaint contains no specific allegations concerning Defendant Mark Baker, D.O.

> **A.  Plaintiff's Complaint Should be Dismissed Because it Fails to Allege Any Personal Involvement on the Part of Dr. Baker and PHS and Plaintiff Cannot State a Claim Under 42 U.S.C. Section 1983 Upon a Theory of Respondeat Superior.**

4. Plaintiff's Complaint should be dismissed as to Dr. Mark Baker because it fails to identify any particular action or conduct by which Dr. Baker is alleged to have violated Plaintiff's Eighth Amendment rights while he was confined at SCI-Albion.

5. It is well settled that personal involvement by a defendant is an essential element in a civil rights action.

6. Although he names Dr. Baker as a defendant in this matter, there are no specific allegations in the Complaint that pertain to Dr. Baker. (See Complaint, Part IV(C)). In fact, there are no specific allegations whatsoever pertaining to Dr. Baker's role in the claimed deprivation of Plaintiff's Eighth Amendment rights.

7. Plaintiff's Complaint does not allege the level of personal involvement necessary to sustain even preliminarily a claim under Section 1983 against Dr. Baker.

8. Rather, the allegations set forth in the Complaint appear to express Plaintiff's own dissatisfaction with the medical judgment exercised on the part of Dr. Fraider, an orthopedic specialist, who allegedly told Plaintiff that his injury was cosmetic in nature and was "self-healing."

9. There are no allegations that Dr. Baker denied Plaintiff any requested or medically-necessary medical care, or that Dr. Baker denied Plaintiff access to medical treatment and care.

10. To the contrary, Plaintiff alleges that his condition has been evaluated by at least three different orthopedic specialists.

11. Moreover, to the extent that Plaintiff may be seeking to impose liability upon Dr. Baker as the medical director at SCI-Albion, such claims would also

necessarily fail based upon the above-cited case law.  Plaintiff cannot base his claims against Dr. Baker upon a theory of respondeat superior.

12. Likewise, Plaintiff's Complaint fails to state a claim against PHS where the only allegations in the Complaint pertaining to PHS are that it contracted with Defendant Dr. Fraider, an orthopedic specialist, to provide consultations at SCI-Albion.

13. Based upon this allegation, it would appear that Plaintiff is seeking to impose liability on PHS based upon the conduct of Dr. Fraider.

14. However, it is well settled that a corporation cannot be held liable under Section 1983 on a theory of respondeat superior.  See Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995).

15. Absent any factual averments that would set forth a claim for deliberate indifference as against PHS, Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendants Mark Baker, D.O. and Prison Health Services, Inc. respectfully request that their Motion to Dismiss be granted.

**B.     Plaintiff's Complaint Should be Dismissed as to PHS Because It Fails to Allege any Policy, Pattern or Practice on the Part of PHS.**

16. Plaintiff's Complaint also fails to state a claim pursuant to 42 U.S.C. Section 1983 as against PHS because Plaintiff has failed to allege any policy or custom on the part of PHS that would have conceivably deprived Plaintiff of his Constitutional rights.

17. In order to show deliberate indifference on the part of a corporation, plaintiff must allege that the corporation pursued a policy or custom that caused the Constitutional injury.  Id.

18. In the instant case, Plaintiff has failed to allege any conduct on the part of PHS whatsoever that would suggest that the corporation maintained any policy or custom that was deliberately indifferent to Plaintiff's medical needs.

19. To the contrary, although Plaintiff names Prison Health Services as a defendant in this matter, the only factual allegation pertaining to PHS set forth in Plaintiff's Complaint is that Plaintiff believes that PHS contracted with Dr. Fraider, an orthopedic specialist, to provide medical services at SCI-Albion.

20. These allegations fail to identify or even suggest any policy or custom adopted by PHS that was deliberately indifferent to Plaintiff's medical needs.

WHEREFORE, Defendant, Prison Health Services, Inc., respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

### C. Plaintiff's Complaint Fails to State a Claim of Deliberate Indifference to a Serious Medical Need Against Dr. Baker and Should be Dismissed.

21. Plaintiff's Complaint should also be dismissed because Plaintiff has failed to state a claim of deliberate indifference to a serious medical need.

22. The very allegations of Plaintiff's Complaint demonstrate that his medical needs were not ignored.

23. Plaintiff's Complaint appears to allege a disagreement between various orthopedic specialists over how to treat Plaintiff's injury and the medical decision as to whether or not surgery was the appropriate treatment for his injured right arm.

24. Plaintiff's allegations further intimate his own dissatisfaction over the medical opinion of one of the specialists, who allegedly concluded that Plaintiff's condition was "cosmetic in nature" and was "self-healing."

25. Notwithstanding Plaintiff's allegations, as previously noted, disagreements over how to treat an injury or illness do not rise to the level of a Constitutional deprivation of Plaintiff's Eighth Amendment rights.

26. Neither the exercise of a physician's medical judgment, nor allegations of mere negligence, without more, are sufficient to state a claim of deliberate indifference to a serious medical need.

WHEREFORE, Defendants, Prison Health Services, Inc. and Mark Baker, D.O. respectfully request that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

PIETRAGALLO, BOSICK & GORDON

*/s/ Elizabeth M. Yanelli*
ELIZABETH M. YANELLI
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

(412) 263-2000

*Attorney for Defendants,*
*Mark Baker, D.O. and*
*Prison Health Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Motion to Dismiss Plaintiff's Complaint** was served via United States First-Class Mail, postage prepaid, this 11th day of October, 2005, upon the following non-ECF users:

Samuel Mendez, CY-7322
10745 Rt. 18
Albion, PA 16475-0002

Rodney M. Torbic, Esquire
Susan J. Forney, Esquire
Office of Attorney General
Manor Complex, 6th Floor
564 Forbes Avenue
Pittsburgh, PA 15219

*/s/ Elizabeth M. Yanelli*
ELIZABETH M. YANELLI
Pa. I.D. No. 86932

PIETRAGALLO, BOSICK & GORDON
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000

*Attorney for Defendants,*
*Mark Baker, D.O. and*
*Prison Health Services, Inc.*