IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL MENDEZ, | : | ***Electronically Filed*** |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CA No. 05-35 ERIE |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, ET AL. | : | |
| | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

AND NOW COME Defendants, Mark Baker, D.O. and Prison Health Services, Inc., by and through their attorneys, Elizabeth M. Yanelli, Esquire and Pietragallo, Bosick & Gordon, and file this Brief in Support of their Motion to Dismiss Plaintiff's Complaint as follows:

**I.      Factual Background**

    **A.      Identity of the Parties and Nature of the Action**

This is a *pro se* prisoner's civil rights action brought pursuant to 42 U.S.C. Section 1983 in which Plaintiff, Samuel Mendez, alleges that the defendants acted with deliberate indifference to his medical needs because an orthopedic specialist allegedly determined that surgery was not medically necessary to treat an injury to his right arm.

Defendant, Prison Health Services, Incorporated ("PHS"), is alleged to have contracted with Dr. Conrad Fraider, an orthopedic specialist, to provide consultations at SCI-Albion. The Complaint contains no specific allegations concerning Defendant Mark Baker, D.O.

### B. Statement of Facts Alleged

Plaintiff's Complaint alleges that on March 20, 2003, he injured his right arm and shoulder while moving rugs in the medical department and performing his regular duties as a janitor at the State Correctional Institution at Albion ("SCI-Albion"). (Complaint, Part IV(C), ¶ 1). On March 24, 2003, he was evaluated by Physician's Assistant Dan Telega, who referred him to Dr. Bashline for further examination. (Complaint, Part IV(C), ¶ 2). Dr. Bashline then referred Plaintiff to Dr. Conrad Fraider, an orthopedic specialist, who Plaintiff alleges was contracted by Prison Health Services to perform consultations at SCI-Albion at the time. (Id.). On April 16, 2003, Dr. Fraider examined Plaintiff and told him that his injury was cosmetic in nature and self-healing and that the institution's insurance would not pay for surgery to repair any damage. (Id.).

Thereafter, on October 28, 2003, Plaintiff was taken to Millcreek Community Hospital for a second opinion and was examined by orthopedic specialist Dr. Bleday, who took x-rays. (Complaint, Part IV(C), ¶ 3). Dr. Bleday allegedly told Plaintiff that he had sustained a ruptured bicep tendon and diagnosed Plaintiff as suffering from rotator cuff problems; bone spurs in his right shoulder; and problems with "the shoulder ball and socket." (Id.). Plaintiff alleges that Dr. Bleday told him that his condition would require surgery. On September 16, 2004, Plaintiff was taken to Hamot Medical Center and was examined by a Dr. Sharma, who allegedly told him that there was nothing that could be done for Plaintiff's injury due to the length of time that had elapsed since the injury. (Id. at ¶ 4).

**II.   Argument**

    **A.   Motion to Dismiss Standard**

A motion to dismiss should be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).  While all facts in the Complaint must be accepted as true, this Court "need not accept as true unsupported conclusions and unwarranted inferences."  Doug Grant, Inc. v. Greater Bay Casino Corp., 232 F.2d 173, 184 (3d Cir. 2000), cert. denied, 532 U.S. 1038, 121 S. Ct. 2000, 149 L. Ed. 2d 1003 (2001) (citations omitted).

    **B.   Plaintiff's Complaint Should be Dismissed Because it Fails to Allege Any Personal Involvement on the Part of Dr. Baker and PHS and Plaintiff Cannot State a Claim Under 42 U.S.C. Section 1983 Upon a Theory of Respondeat Superior.**

Plaintiff's Complaint should be dismissed as to Dr. Mark Baker because it fails to identify any particular action or conduct by which Dr. Baker is alleged to have violated Plaintiff's Eighth Amendment rights while he was confined at SCI-Albion.  It is well settled that personal involvement by a defendant is an essential element in a civil rights action.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976); Gay v. Petsock, 917 F.2d 768 (3d Cir. 1990)(granting dismissal of claim against defendant based upon *respondeat superior* theory was proper where nothing in record suggested defendant was involved in acts complained of or that they were done with his knowledge and acquiescence) (citing Rode, supra); Hetzel v. Swartz, 31 F.Supp. 2d 444, 447 (M.D. Pa. 1998)(finding that a "prerequisite for viable civil rights claims is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights"); Rizzo v. Goode, 423 U.S. 362 (1976)(denying equitable relief where responsible

authorities played no affirmative part in depriving any plaintiff of any constitutional rights).

Although he names Dr. Baker as a defendant in this matter, there are no specific allegations in the Complaint that pertain to Dr. Baker. (See Complaint, Part IV(C)). In fact, there are no specific allegations whatsoever pertaining to Dr. Baker's role in the claimed deprivation of Plaintiff's Eighth Amendment rights. To that end, Plaintiff's Complaint does not allege the level of personal involvement necessary to sustain even preliminarily a claim under Section 1983 against Dr. Baker. Rather, the allegations set forth in the Complaint appear to express Plaintiff's own dissatisfaction with the medical judgment exercised on the part of Dr. Fraider, an orthopedic specialist, who allegedly told Plaintiff that his injury was cosmetic in nature and was "self-healing." There are no allegations that Dr. Baker denied Plaintiff any requested or medically-necessary medical care, or that Dr. Baker denied Plaintiff access to medical treatment and care. To the contrary, Plaintiff alleges that his condition has been evaluated by at least three different orthopedic specialists.

Moreover, to the extent that Plaintiff may be seeking to impose liability upon Dr. Baker as the medical director at SCI-Albion, such claims would also necessarily fail based upon the above-cited case law. Plaintiff cannot base his claims against Dr. Baker upon a theory of respondeat superior. Therefore, in the absence of any specific allegation that Dr. Baker personally participated in the actions that Plaintiff complains about in the Complaint, Plaintiff's Complaint as against Dr. Baker should be dismissed.

Likewise, Plaintiff's Complaint fails to state a claim against PHS where the only allegations in the Complaint pertaining to PHS are that it contracted with Defendant Dr. Fraider, an orthopedic specialist, to provide consultations at SCI-Albion. Based

upon this allegation, it would appear that Plaintiff is seeking to impose liability on PHS based upon the conduct of Dr. Fraider. However, it is well settled that a corporation cannot be held liable under Section 1983 on a theory of respondeat superior. See Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). Absent any factual averments that would set forth a claim for deliberate indifference as against PHS, Plaintiff's Complaint should be dismissed.

      C.      **Plaintiff's Complaint Should be Dismissed as to PHS Because It Fails to Allege any Policy, Pattern or Practice on the Part of PHS.**

Plaintiff's Complaint also fails to state a claim pursuant to 42 U.S.C. Section 1983 as against PHS because Plaintiff has failed to allege any policy or custom on the part of PHS that would have conceivably deprived Plaintiff of his Constitutional rights. In order to show deliberate indifference on the part of a corporation, plaintiff must allege that the corporation pursued a policy or custom that caused the Constitutional injury. Id. To that end, a "policy is made when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (quoting Pembar v. City of Cincinnati, 475 U.S. 469, 481, 89 L. Ed. 2d 452, 106 S. Ct. 1292 (1986)). A custom can "be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). The policy or custom must reflect a deliberate indifference on the part of policy makers to the needs or rights of others. Unterberg v. Correctional Medical Systems, Inc., 799 F. Supp. 490, 497 (E.D. Pa. 1992).

In the instant case, Plaintiff has failed to allege any conduct on the part of PHS whatsoever that would suggest that the corporation maintained any policy or custom

that was deliberately indifferent to Plaintiff's medical needs. To the contrary, although Plaintiff names Prison Health Services as a defendant in this matter, the only factual allegation pertaining to PHS set forth in Plaintiff's Complaint is that Plaintiff believes that PHS contracted with Dr. Fraider, an orthopedic specialist, to provide medical services at SCI-Albion. These allegations fail to identify or even suggest any policy or custom adopted by PHS that was deliberately indifferent to Plaintiff's medical needs. Therefore, Plaintiff's Complaint should be dismissed as to PHS.

  **D. Plaintiff's Complaint Fails to State a Claim of Deliberate Indifference to a Serious Medical Need Against Dr. Baker and Should be Dismissed.**

  Plaintiff's Complaint should also be dismissed because Plaintiff has failed to state a claim of deliberate indifference to a serious medical need. The Eighth Amendment's prohibition against cruel and unusual punishment has been interpreted by the U.S. Supreme Court as prohibiting "the unnecessary and wanton infliction of pain." Hudson v. McMillan , 503 U.S. 1, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992). Under this standard, an inmate who claims a violation under 42 U.S.C. Section 1983 on the basis of a failure to provide necessary medical treatment must demonstrate that (1) his medical needs were serious, and (2) that the defendants' failure to attend to his medical needs rose to the level of deliberate indifference. Colburn v. upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991).

  The U.S. Supreme Court has held that a person is deliberately indifferent to a serious medical need of an inmate when that person "knows of and disregards an excessive risk to inmate health and safety..." Farmer v. Brennan, 128 L. Ed. 2d 811, 114 S. Ct. 1970, 1979 (1994). Significantly, disagreements over how to treat an illness or an injury do not implicate the Eighth Amendment. White v. Napoleon, 897 F.2d 103 (3d Cir. 1990); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992); Banvelos

v. McFarland, 41 F.3d 232 (5th Cir. 1995); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976)(finding that once it shown that plaintiff received some care, complaints directed at the wisdom or quality of the medical care received from medical personnel will not state an Eighth Amendment violation under § 1983, even if treatment was negligent as to amount to malpractice). Courts must not second-guess the judgments made by medical personnel as to the appropriate means of treating a plaintiff's various medical conditions. Inmates of Allegheny County Jail v. Pierce, 612 F.2d at 754, 763 (3d Cir. 1979).

In the instant case, the very allegations of Plaintiff's Complaint demonstrate that his medical needs were not ignored. Rather, Plaintiff's Complaint alleges that he was evaluated by Physician's Assistant Dan Telega, who referred him to Dr. Bashline for further examination following his injury. (Complaint, Part IV(C), ¶ 2). Dr. Bashline then referred Plaintiff to Dr. Conrad Fraider, an orthopedic specialist. Thereafter, on October 28, 2003, Plaintiff was taken to Millcreek Community Hospital for a second opinion and was examined by orthopedic specialist Dr. Bleday, who took x-rays. (Complaint, Part IV(C), ¶ 3). On September 16, 2004, Plaintiff was taken to Hamot Medical Center and was examined by a Dr. Sharma.

Secondly, Plaintiff's Complaint appears to allege a disagreement between various orthopedic specialists over how to treat Plaintiff's injury and the medical decision as to whether or not surgery was the appropriate treatment for his injured right arm. Plaintiff's allegations further intimate his own dissatisfaction over the medical opinion of one of the specialists, who allegedly concluded that Plaintiff's condition was "cosmetic in nature" and was "self-healing." Notwithstanding Plaintiff's allegations, as previously noted, disagreements over how to treat an injury or illness do not rise to the level of a Constitutional deprivation of Plaintiff's Eighth Amendment

rights. Neither the exercise of a physician's medical judgment, nor allegations of mere negligence, without more, are sufficient to state a claim of deliberate indifference to a serious medical need. Accordingly, Plaintiff's Complaint fails to state a claim of deliberate indifference and should be dismissed.

### III.     Conclusion

Plaintiff's Complaint fails to allege any conduct on the part of Dr. Baker that would set forth a claim of deliberate indifference to a serious medical need. Likewise, the Complaint is devoid of any factual or legal basis that would state a claim of deliberate indifference to a serious medical need on the part of Defendant, Prison Health Services. For all of the above-stated reasons, Defendants, Prison Health Services, Inc. and Mark Baker, D.O. respectfully request that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

PIETRAGALLO, BOSICK & GORDON

 */s/ Elizabeth M. Yanelli*
ELIZABETH M. YANELLI
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

(412) 263-2000

*Attorney for Defendants,*
*Mark Baker, D.O. and*
*Prison Health Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Brief in Support of Motion to Dismiss Plaintiff's Complaint** was served via United States First-Class Mail, postage prepaid, this 11th day of October, 2005, upon the following non-ECF users:

Samuel Mendez, CY-7322
10745 Rt. 18
Albion, PA 16475-0002


Rodney M. Torbic, Esquire
Susan J. Forney, Esquire
Office of Attorney General
Manor Complex, 6th Floor
564 Forbes Avenue
Pittsburgh, PA  15219


**/s/ Elizabeth M. Yanelli**
ELIZABETH M. YANELLI
Pa. I.D. No. 86932

PIETRAGALLO, BOSICK & GORDON
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA  15219
(412) 263-2000

*Attorney for Defendants,*
 *Mark Baker, D.O. and*
*Prison Health Services, Inc.*