IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL MENDEZ, | ) |
|     Plaintiff, | ) |
| v. | ) |
| PENNSYLVANIA DEPT. OF CORRECTIONS, PRISON HEALTH SERVICES, INC., DR. MARK BAKER and DR. FRAIDER, | ) C.A. No.   1:05 – CV – 00035 <br> ) (Judge McLaughlin) <br> ) <br> ) **ELECTRONICALLY FILED** <br> ) **PLEADING** |
|     Defendants. | ) |

## MOTION TO DISMISS

AND NOW, comes the defendant, Dr. Fraider, by and through his attorneys, Knox McLaughlin Gornall & Sennett, P.C., and files the following Motion to Dismiss plaintiff's Complaint as follows:

    1.    Plaintiff, Samuel Mendez, brings this pro se prisoner's civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendant, Dr. Fraider, acted with deliberate indifference to serious medical needs when he opined that surgery was not medically indicated to treat an alleged injury to Mr. Mendez's right arm and shoulder when he examined him on April 16, 2003.

    2.    Plaintiff's Complaint alleges that Mr. Mendez did receive medical treatment for his alleged right arm and shoulder injury which allegedly occurred on March 20, 2003, when he was seen by a physician's assistant, Dan Telega, on March 24, 2003 as well as by Dr. Bashline and by Dr. Fraider on April 16, 2003.  (Complaint, Part IV (C), paragraph 2.)

    3.    Plaintiff's Complaint alleges that, pursuant to Dr. Fraider's examination on

April 16, 2003, he was allegedly told that his injury was "cosmetic in nature and self-healing". There was no recommendation for surgery at that time. (Complaint, Part IV (C), paragraph 3.)

    4.    Plaintiff's Complaint alleges that on October 28, 2003, Mr. Mendez underwent a second opinion by another orthopedic specialist who discussed surgical intervention. (Complaint, Part IV (C), paragraph 3.)

### A. FAILURE TO STATE A CLAIM OF DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AGAINST DR. FRAIDER

    5.    Plaintiff's Complaint fails to state a claim of deliberate indifference to a serious medical need.

    6.    Plaintiff's Complaint alleges that attention was given to his medical needs and, in fact, Dr. Fraider performed an examination and made a medical recommendation for his care on April 16, 2003.

    7.    In reality, plaintiff's Complaint alleges a disagreement between medical practitioners on plaintiff's injury and the treatment of same and involves issues of medical judgment.

    8.    Plaintiff's Complaint alleges, in essence, that Dr. Fraider did not provide adequate treatment for his alleged injury. (Complaint, Part IV (C), paragraph 5.)

    9.    Plaintiff's allegations of his own dissatisfaction concerning Dr. Fraider's medical opinions and his disagreement on the treatment of his alleged injury do not rise to the level of a constitutional deprivation of plaintiff's Eighth Amendment rights.

    10.    Allegations contesting a physician's medical judgment, and even allegations of malpractice and/or negligence, are insufficient to state a claim of deliberate indifference to a serious medical need.

WHEREFORE, defendant, Dr. Fraider, respectfully requests that his Motion to Dismiss be granted and plaintiff's Complaint be dismissed with prejudice.

**B.    FAILURE TO STATE A CLAIM UNDER 42 U.S.C. § 1983 FOR FAILURE TO ALLEGE THAT DR. FRAIDER ACTED UNDER COLOR OF STATE LAW**

11.    Plaintiff's Complaint fails to state that Dr. Fraider acted under color of state law.

12.    Plaintiff's Complaint, by its allegations referring to Dr. Fraider's medical judgment, fails to allege that Dr. Fraider violated the plaintiff's constitutional rights.

13.    The absence of averments that Dr. Fraider was acting under color of state law when he rendered his medical judgment, requires that plaintiff's Complaint be dismissed.

WHEREFORE, defendant, Dr. Fraider, respectfully requests that his Motion to Dismiss be granted and plaintiff's Complaint be dismissed with prejudice.

### C.     FAILURE TO COMPLY WITH LOCAL RULE 8.1

14. Plaintiff has improperly pled a specific sum as damages in violation of Local Rule 8.1 (Complaint, Part VI).

15. This improper pleading mandates that plaintiff's Complaint be stricken.

WHEREFORE, defendant, Dr. Fraider, respectfully requests that his Motion to Dismiss be granted and plaintiff's Complaint be dismissed with prejudice.

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.


BY: /s/      Francis J. Klemensic, Esq.
      Francis J. Klemensic, Esquire
      120 West Tenth Street
      Erie, PA 16501
      Telephone (814) 459-2800
      Facsimile (814) 453-4530
      Email fklemensic@kmgslaw.com
      PA 42110