IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL MENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.   1:05 – CV – 00035 |
| | ) (Judge McLaughlin) |
| PENNSYLVANIA DEPT. OF | ) |
| CORRECTIONS, PRISON HEALTH | ) **ELECTRONICALLY FILED** |
| SERVICES, INC., DR. MARK BAKER and | ) **PLEADING** |
| DR. FRAIDER, | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

AND NOW, comes the defendant, Dr. Fraider, by and through his attorneys, Knox McLaughlin Gornall & Sennett, P.C., and files this Brief in Support of Motion to Dismiss as follows:

**I.     MATERIAL FACTS AND PROCEDURE**

This action involves a pro se prisoner's civil rights claim brought pursuant to 42 U.S.C. § 1983 alleging that this defendant, Dr. Fraider, acted with deliberate indifference to Mr. Mendez's medical needs arising out of certain medical judgments and treatment decisions he made pursuant to an examination of the plaintiff's right arm on April 16, 2003.

Plaintiff's Complaint alleges that on March 20, 2003, Mr. Mendez, was moving rugs in the medical department at the State Correctional Institution at Albion ("SCI-Albion"), when he sustained an injury to his right arm and shoulder (Complaint, Part IV (C), Paragraph 1). Following that alleged injury, he was evaluated by a physician's assistant, Dan Telega, who then referred Mr. Mendez to Dr. Bashline for further examination (Complaint, Part IV (C), Paragraph 2). It is alleged that Dr. Bashline then referred Mr. Mendez to Dr. Fraider who is an orthopedic

specialist (Complaint, Part IV (C), Paragraph 2). Pursuant to that referral, Dr. Fraider performed an examination of Mr. Mendez and made a medical judgment that his injury appeared cosmetic in nature and was self-healing (Complaint, Part IV (C), Paragraph 2).

Plaintiff's Complaint alleges wrongdoing on the part of Dr. Fraider for "not providing adequate treatment to his injury". (Complaint, Part IV (C), Paragraph 5). Although the plaintiff's Complaint is styled as an action under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need, plaintiff's Complaint fails to state a viable claim under Section 1983. Therefore, the Motion to Dismiss filed on behalf of Dr. Fraider should be granted.

## II.    ARGUMENT

Under 42 U.S.C. § 1983 a plaintiff must plead and prove two essential elements: First, the conduct upon which plaintiff bases his or her claim must be committed by persons acting under color of state law. Second, as a result of this conduct, the plaintiff must establish that he or she was deprived of his or her rights, privileges, or immunity secured by the Constitution or laws of the United States. Kneipp v. Tedder, 95 F.3d 1199 (3d Cir.1996). In this case, the plaintiff has failed to plead either of these required elements.

### A.    Failure to State a Claim Under 42 U.S.C. § 1983 for Deliberate Indifference to a Serious Medical Need

Plaintiff's Complaint fails to state a claim of deliberate indifference to a serious medical need. Section 1983 does not create any substantive rights, but instead can only be relied upon when it is based on an underlying violation of plaintiff's rights under the Constitution. Robb v. City of Philadelphia, 733 F.2d 286 (3d Cir.1994). In this case, while not specifically pleaded, the plaintiff appears to be alleging that the medical treatment he received resulted in a deprivation of his rights under the Eight Amendment of the United States Constitution.

In order to support this claim, the plaintiff, like any prisoner who claims a violation of 42 U.S.C. § 1983 on the basis that he was not provided medical treatment, must prove that his medical needs were serious and that the defendant's <u>failure to attend</u> to those medical needs rose to the level of deliberate indifference. <u>Colburn v. Upper Darby Township</u>, 946 F.2d 1017, 1023 (3d Cir. 1991).

It is long-standing and well accepted that a plaintiff who claims that his medical treatment during incarceration was unconstitutional, must allege acts or omissions sufficiently harmful to show deliberate indifference to serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed. 251 (1976). Allegations merely stating an alleged claim for medical malpractice do not support a Section 1983 claim for deliberate indifference to serious medical needs. <u>Id.</u> A disagreement over how to treat an illness or an injury does not give rise to a claim that the Eighth Amendment was violated. <u>White v. Napoleon</u>, 897 F.2d 103 (3d Cir. 1990). Simply put, a claim based on medical malpractice or negligence may not be brought under § 1983. <u>Sturts v. City of Philadelphia</u>, 529 F.Supp. 434 (E.D. Pa. 1982). Federal courts in Pennsylvania have held that negligence and malpractice are not sufficient to make out a prisoner's claim under § 1983. <u>Campbell v. Sacred Heart Hospital</u>, 496 F.Supp. 692 (E.D. Pa. 1980).

In <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1081 (3d Cir. 1976) the Court held that once it is shown that the plaintiff received <u>some</u> care, allegations of wrongdoing directed at the wisdom or quality of the medical care received do not state an Eighth Amendment violation under § 1983 even if the treatment was malpractice. Furthermore, the Third Circuit has held that Courts must not second guess the judgments made by medical personnel as to the appropriate means of treating a prisoner's various medical conditions.

Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 763 (3d Cir. 1979). Likewise, differences of opinion between prison medical personnel and a prisoner regarding treatment does not serve as a basis for a cause of action under § 1983. Jackson v. Moore, 471 F.Supp. 1068 (D.C. Colo. 1979).

In the case at hand, plaintiff's Complaint verifies that his medical needs were addressed, not ignored and treatment was rendered. (Complaint, Part IV (C), Paragraph 2.) He was evaluated by three healthcare providers in a short period of time. Dr. Fraider, after his examination, made a medical judgment and opinion as to Mr. Mendez's complaints and treatment. This is the type of treatment decision which does not give rise to a cause of action under § 1983 as referred to above. Mr. Mendez's attack is only on the wisdom or quality of the medical care rendered. This does not state an Eighth Amendment violation and is insufficient to support a cause of action under § 1983.

Additionally, plaintiff's Complaint alleges a disagreement with the treatment he received as well as a disagreement on how to treat the alleged injury between the healthcare providers. Regardless, this situation does not implicate the Eighth Amendment under § 1983. Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992).

In light of these authorities it is clear that plaintiff's Complaint alleges only the exercise of a physician's medical judgment and, for purposes of argument only, negligence (which is denied by this defendant). These allegations are not sufficient to state a claim of deliberate indifference to a serious medical need as required to maintain a viable cause of action under § 1983. Accordingly, plaintiff's Complaint should be dismissed with prejudice.

**B.      Failure to State a Claim Under 42 U.S.C. § 1983
for failure to allege that Dr. Fraider acted under color of state law.**

Plaintiff has also failed to allege that Dr. Fraider was acting under color of state law at any time relevant to this matter. This essential element of a § 1983 claim comes directly from the statute's language:

> "Every person who, **under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia**, subjects or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof, to the depravation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the person injured in an action at law, sued in equity, or other proceedings for redress".

42 U.S.C. § 1983 (emphasis added). Pleading and proving that a defendant was acting under color of state law is necessary to support a § 1983 claim. Kneipp v. Tedder, 95 F.3d 1199 (3d Cir.1996).

In this action, the medical treatment provided by Dr. Fraider, his medical judgments, opinions and course of treatment are not identified as having been instituted or acted under color of state law. Accordingly, plaintiff's Complaint, on its face, fails to state any claim against Dr. Fraider pursuant to § 1983 and the Complaint should be dismissed.

**D.      Failure to Comply with Local Rule 8.1**

Plaintiff's Complaint improperly pleads a specific sum as damages in violation of Local Rule 8.1 (Complaint, Part VI).

Local Rule 8.1 specifically requires that a pleading demanding general damages unliquidated in amount shall set forth only that money damages are being claimed, without claiming any specific sum.

5

The plaintiff's Complaint claims a specific demand for liquidated damages in the amount of $200,000.00 for punitive damages, $200,000.00 for exemplary damages and $1,000,000 for compensatory damages. These claims are improper and the plaintiff's Complaint should be stricken.

### III.    Conclusion

Based on the foregoing, defendant, Dr. Fraider, respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice.

> Respectfully submitted,
>
> KNOX McLAUGHLIN GORNALL & SENNETT, P.C.
>
> BY: /s/     Francis J. Klemensic, Esq.
>       Francis J. Klemensic, Esquire
>       120 West Tenth Street
>       Erie, PA  16501
>       Telephone (814) 459-2800
>       Facsimile (814) 453-4530
>       Email fklemensic@kmgslaw.com
>       PA 42110