IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SAMUEL MENDEZ                                    :

     Plaintiff

       VS                                      : CIVIL ACTION NO. 05-

PA DEPARTMENT OF CORRECTIONS,                     35 ERIE

PRISON HEALTH SERVICES and                       : JuRy  Trial  Demanded

DR. MARK BAKER, DR. FRAIDER,

       Defendants                          :


                                      :

TO THE HONORABLE PRESIDING JUDGE, OF SAID COURT:

PLAINTIFF'S MOTION TO AMEND CIVIL

ACTION NO. 05-35 ERIE, SUBMITTED

IN GOOD FAITH, IN FORMA PAUPERIS

---

CAUSE OF ACTION(MOTION TO AMEND):

1. Now comes, SAMUEL MENDEZ, in forma pauperis, pursuant to legal
procedures herein after known as the Plaintiff in this legal
cause of action. The plaintiff who presently being a resident of
The Pa. dept. of Corrections at Mercer, Pennsylvania respectfully
moves the honorable Court, that a Court Order will issue forth-
with made to apply and directed that this plaintiff be hereby so
allowed to amend CIVIL ACTION NO 05-35 ERIE and in the support
of this request, the plaintiff respectfully showeth the Court.
2. That   he presently have a Civil action pending in this Court
against the named defendants herein

3. That your plaintiff seeks to amend his arguments in his
Civil action against the defendants. That your plaintiff seeks
to amend the complaint and show deliberate indifference to a
serious medical need in this case, and seeks to present a    level
clear case of negligence.

4. That your plaintiff in this case has been the victim of gross
negligence as well as medical malpractice. That he is entitled to
redress of his civil complaint and due to the facts presented he
is entitled to a jury trial in this case.(See) THE SEVENTH(7TH.)
AMENDMENT TO THE UNITED STATES CONSTITUTION.

---

COMPLAINTS

& ARGUMENTS

I.

THE PLAINTIFF COMPLAINS OF THE DEFENDANT DR. MARK BAKER OF THE
PRISON HEALTH SERVICES INC. AT ALBION,PA WHERE THE PA DEPT. OF
CORRECTIONS IS LOCATED, THAT HE IS GUILTY OF DELIBERATE INDIFF-
ERENCE, NEGLIGENCE,DENIAL OF MEDICAL CARE FOR A SERIOUS MEDICAL
PROBLEM AND GUILTY OF THE" UNNECESSARY AND WANTON INFLICTION OF
PAIN." ALL IN FLAGRANT DISREGARD AND VIOLATION OF THE EIGHTH
AMENDMENT TO THE UNITED STATES CONSTITUTION.

---

1. The plaintiff contends that durning the month of_March___
the  year being that of_2oo3__ , he sought medical aid and also
medical services for the injury complained of herein the original
Civil Complaint. That such injury consisted of :

      1. a ruptured bicep tendon.
      2. problems with the rotator cuff.
      3. bone spurs in the right shoulder.

    4. problems with the shoulder ball and socket.
    all of which would require surgical intervention.

2. The plaintiff complains of Dr. Mark Baker, that this defendant on the date of this incident and there-after was representitive of The Prison Health Services the medical authority present at The Pa. Dept. of Corrections at Albion,Pa. on said date.

3. The plaintiff contends that as such and moreso as a doctor on the staff that was called to the attention of the plaintiff's injury, this defendant had a duty and obligation to afford,and render the needed medical assistance including the obligation and professional duty to afford the plaintiff medication that would also relieve the pain that the plaintiff was suffering. The defendant Dr. Mark Baker refused to afford this plaintiff any medical services or give the plaintiff any type of medication that would reduce his pain.

4. The plaintiff contends that when the defendant sought medical aid and assistance from this defendant Baker, all that Baker gave him was oral talk and statements to the effect that there was nothing wrong medically with the plaintiff's shoulder. Baker in this matter failed and refused to take X-Rays of the injured sho-uler in question,refused to even consider giving pain killing me-dication to the plaintiff.

5. The plaintiff contends that further examination by other medical Doctors showed that the injuries suffered by the plain-tiff's shoulders were serious and should have received medical treatment by Dr. Baker.

6. The plaintiff contends that defendant Baker owed this plain-tiff a duty and that duty was to at the very least have given an X-Ray and some medication to deal with the pain suffered by the

plaintiff and to have investigated and examined the injury to

determine if medical attention was needed instantly. But this

defendant failed to afford the plaintiff any medical relief,

aid, service or medication for pain. That in failing to give

any medical aid to the plaintiff the said defendant did breach

the said duty  and such breach was the proximate cause of,or a

substantial factor in bringing about the harm suffered by the

plaintiff and the damage suffered to the shoulder was the direct

result of the said harm.(See) BILLMAN  VS  SAYLOR, 761 A.2d 1208

(Pa. Super. 2000). WILLIAMS VS SYED, 782 A.2d 1090(Pa. Cmwlth.

2001).

7. The plaintiff further contends that this defendant is also

guilty of negligence as he had an obligation and a legal duty to

have conformed to a certain standard of conduct,and that conduct

was to have afforded and given to the plaintiff effective,unbias

medical aid,service and relief to the plaintiff when the plain-

tiff's injury was placed before him. That the defendant named in

this action as Dr. Mark Baker failed to conform to that standard

and there is present a reasonably close causal connection between

the conduct and resulting injury as well as actual damage and loss

in question.(Use of shoulder 100 per cent). Dr. Mark Baker is

liable to this plaintiff.(See)WAREHAM VS JEFFES, 129 Pa. Cmwlth.124

564 A. 2d 1314,1319,(1989)

8.The plaintiff contends that there is no immunity for this def-

endant,

9. The plaintiff state's that this Dr. Mark Baker is hereby also

guilty of MEDICAL MALPRACTICE based upon his failure to give the

plaintiff the duty owed to give medical ai[1] to one that needs it.

1. The word intended is AID.

Page(5).

## COMPLAINT AND ARGUMENTS.

### II.

THE PLAINTIFF COMPLAINS OF  DR. FRAIDER A DEFENDANT NAMED HEREIN,

THAT THIS PARTICULAR DEFENDANT FRAIDER IS GUILTY OF MEDICAL

MALPRACTICE, NEGLIGENCE, DELIBERATE INDIFFERENCE TO THE MEDICAL

NEEDS OF THE PLAINTIFF AND THAT DR. FRAIDER BREACH A DUTY AND

OBLIGATION OWED TO THIS PLAINTIFF, **TO** SO PROVIDE HIM WITH THE

PROPER MEDICAL SERVICES AND ATTENTION THAT IS WARRANTED.

---

1. The plaintiff complains of the defendant DR. FRAIDER, That this defendant is hereby guilty of medical malpractice,negligence, deliberate indifference and the failure to provide a service and a duty owed to this plaintiff, that service and that duty being to provide needed medical service and aid without undue delay.

2. The plaintiff contends that in the month of  APRIL the 16th. day the 2003 year of our Lord he was caused to be seen by the defendant DR. FRAIDER pertaining to the shoulder injury which is the subject of this CIVIL SUIT.

3. The plaintiff contends that when he was seen by the defendant DR. FRAIDER he was not given any type of medical examination, no X-Rays were taken and no medication was given the plaintiff to reduce and subdue his pain. Defendant Fraider merely talked to the plaintiff and provided nor gave **any** type of medical examin- ation. This defendant displayed and asserted that he had **no real** interest in the welfare of this plaintiff on **said date.**

4. That your plaintiff contends that on the **date** in which he saw defendant Fraider he was in intense pain and suffering from **a** case of emotional stress. That your plaintiff state's that as a result of the deliberate indifference **shown** to him by the said

defendant Dr. Fraider he has suffered " unnecessary pain "
and such deliberate indifference has caused him to lose the
use of about 60 per cent of his right shoulder due further to
the failure of this defendant to act timely in affording the
plaintiff medical attention. That by the time the plaintiff was
afforded service by an outside Medical examiner, it was to late
to save his shoulder.

5. The plaintiff contends that this defendant  did expose him to
a denial of serious medical need on the said date in which he saw
the plaintiff and had the opportunity in which to have given the
plaintiff the much needed medical treatment.(See) ESTELLE VS GAMBLE
429 U.S. 97,104,97 S.Ct.285(1976). That such deliberate in-
difference to the serious medical need of the plaintiff on the said
date constitutes the " unnecessary and wanton infliction of pain"
proscribed by the Eighth Amendment.

6. The plaintiff contends that deliberate indifference in this
case is evident and plain for all to see.(See) ESTELLE VS GAMBLE
429 U.S. at 104. This defendant failed to conduct any type of ex-
amination   adequate or otherwise.(See) TILLERY VS OWENS.719 F.
Supp.1256,1308(W.D.Pa.1989)aff'd,907 F.2d 418(3d Cir.1990).

CONCLUSION:

That in this case there has been a flagrant denial of serious
medical needs of this plaintiff. There is present in this case
evidence of deliberate indifferences to serious medical needs.
There is present in this case vicious acts of negligence and
the unnecessary wanton infliction of pain based upon the medical
malpractice actions of the defendants.all to the prejudice of the
plaintiff.

That your plaintiff is entitled to a jury trial in this case. That under the mandates set forth in WILLIAMS_VS_SYED, 782 A. 2d 1090(Pa Cmwlth.2001). this plaintiff is entitled to the relief that he seeks.

WHEREFORE, the plaintiff prays that this motion to amend will be allowed to proceed, and he further prays that he be granted the relief sought in this case. Thus this action is now submitted and the plaintiff will forever pray.

DATE: 9/29/05  Respectfully Submitted/S/ _Samuel Mendez_

                                              Plaintiff

" VERIFICATION "

SAMUEL MENDEZ, do hereby declare under the penalty of perjury that he is the plaintiff named in this legal cause of action and state's that he has read the same, and say's that the same is true and correct.

That the undersigned understands that statements made herein are made pursuant to 18 Pa. C.S. Section 4904(18 Pa. C.S. Section 4904). as it relates to making unsworn falsification to authorities.

DATE: 9/29/05  Respectfully Submitted/S/ _Samuel Mendez_

Page(8).

## PROOF OF SERVICE .

SAMUEL MENDEZ, do hereby declare under the penalty of perjury that he has this day caused to be served upon the defendants a true and correct copy of this legal action to The U.S. DISTRICT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, by placing such copy into The U.S. Mail addressed as set forth below.

TO: RODNEY M. TORBIC
    SENIOR DEPUTY ATTORNEY GENERAL
    OFFICE OF THE ATTORNEY GENERAL
    6th. FLOOR, MANOR COMPLEX
    564 FORBES AVENUE
    PITTSBURGH,PA 15219

        &amp;

    SAMUEL H. FOREMAN,ESQ.
    SUITE  1450
    TWO GATEWAY CENTER
    603 STANWIX STREET
    PITTSBURGH,PA 15222

        &amp;

    ELIZABETH M. YANELLI,ESQUIRE
    THE THIRTY-EIGHTH FLOOR
    ONE OXFORD CENTRE
    PITTSBURGH,PA 15219

DATE: 9/29. /05

SAMUEL MENDEZ
NO. CY-7322
80ι BUTLER PIKE
MERCER,PA 16137