IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL MENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.    1:05 – CV – 00035 |
| | ) (Judge McLaughlin) |
| PENNSYLVANIA DEPT. OF | ) |
| CORRECTIONS, PRISON HEALTH | ) **ELECTRONICALLY FILED** |
| SERVICES, INC., DR. MARK BAKER and | ) **PLEADING** |
| DR. FRAIDER, | ) |
| | ) |
| Defendants. | ) |

### BRIEF OF DEFENDANT DR. FRAIDER IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

AND NOW, comes the defendant, Dr. Fraider, by and through his attorneys, Knox McLaughlin Gornall & Sennett, P.C., and files this Brief in Opposition to Plaintiff's Motion to Amend Complaint as follows:

**I.     MATERIAL FACTS AND PROCEDURE**

On January 23, 2005, Mr. Mendez filed his Original Complaint, which alleged a single cause of action under 42 U.S.C. § 1983 against the defendants, including Dr. Fraider. In his narrative statement in support of his form complaint, Mr. Mendez alleged that while he was moving rugs in the medical department at the State Correctional Institution at Albion ("SCI-Albion"), he sustained an injury to his right arm and shoulder (Original Complaint, Part IV (C), Paragraph 1). Following that alleged injury, he was evaluated by a physician's assistant, Dan Telega, who then referred Mr. Mendez to Dr. Bashline for further examination (Original Complaint, Part IV (C), Paragraph 2). It is alleged that Dr. Bashline then referred Mr. Mendez to Dr. Fraider, who is an orthopedic specialist (Complaint, Part IV (C), Paragraph 2). Pursuant to

that referral, Dr. Fraider performed an examination of Mr. Mendez and made a medical judgment that his injury appeared cosmetic in nature and was self-healing (Complaint, Part IV (C), Paragraph 2).

Based on these allegations, Mr. Mendez alleged that Dr. Fraider was deliberately indifferent to his medical needs and, thus, violated his Eighth Amendment rights. Dr. Fraider filed a Motion to Dismiss Mr. Mendez's Complaint arguing that his allegations failed to state a cause of action upon which relief could be granted and violated Local Rule 8.1. Mr. Mendez has filed two responses to this Motion. He has filed a direct response, which Dr. Fraider has addressed in the form of a Reply Brief, and has filed a Motion to Amend his Original Complaint, which is addressed in this Brief.

Within his Motion to Amend, Mr. Mendez has failed to cure the deficiencies in his § 1983 claim and has attempted to allege additional claims against Dr. Fraider sounding in negligence, which are beyond the jurisdiction of this Court and are time-barred. For these reasons, Dr. Fraider respectfully submits that Mr. Mendez's Motion to Amend should be denied as futile.

**ARGUMENT**

    **I.    Mr. Mendez's § 1983 claim remains legally insufficient and, therefore, should be dismissed.**

Motions to Amend should not be granted when the proposed amendments would be futile. McGreevy v. Stroup, 413 F.3d 359, 371 (3d Cir. 2005); Foman v. Davis, 371 U.S. 178, 182 (1962) (identifying futility as one ground to deny a Motion to Amend). In his Motion to Amend, Mr. Mendez has not substantively altered his § 1983 claim against Dr. Fraider. Mr. Mendez continues to allege that he suffered what he perceived to be an injury, was seen by at least two medical professionals prior to being examined by Dr. Fraider, and then by seen Dr.

2

Fraider. Reading his Motion to Amend in conjunction with his Original Complaint, Mr. Mendez is claiming that Dr. Fraider saw Mr. Mendez and determined that his injury was cosmetic in nature and self-healing. No reasonable reading of these allegations could establish a denial of medical care, and nothing short of such a denial can support Mr. Mendez's § 1983 claim.

As more fully discussed in Dr. Fraider's Brief in Support of Motion to Dismiss, which is incorporated by reference, in order to support a claim based on medical treatment allegedly provided in violation of the Eighth Amendment, a plaintiff must plead and prove that his or her medical needs were serious and that the defendant's failure to attend to those medical needs rose to the level of deliberate indifference. Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991).

It is long-standing and well accepted that a plaintiff who claims that his medical treatment during incarceration was unconstitutional, must allege acts or omissions sufficiently harmful to show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed. 251 (1976). Allegations merely stating an alleged claim for medical malpractice do not support a Section 1983 claim for deliberate indifference to serious medical needs. Id. A disagreement over how to treat an illness or an injury does not give rise to a claim that the Eighth Amendment was violated. White v. Napoleon, 897 F.2d 103 (3d Cir. 1990). Simply put, a claim based on medical malpractice or negligence may not be brought under § 1983. Sturts v. City of Philadelphia, 529 F.Supp. 434 (E.D. Pa. 1982). Federal courts in Pennsylvania have held that negligence and malpractice are not sufficient to make out a prisoner's claim under § 1983. Campbell v. Sacred Heart Hospital, 496 F.Supp. 692 (E.D. Pa. 1980).

In Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976)

the Court held that once it is shown that the plaintiff received <u>some</u> care, allegations of wrongdoing directed at the wisdom or quality of the medical care received do not state an Eighth Amendment violation under § 1983 even if the treatment was malpractice.  Furthermore, the Third Circuit has held that Courts must not second guess the judgments made by medical personnel as to the appropriate means of treating a prisoner's various medical conditions. <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 763 (3d Cir. 1979).  Likewise, differences of opinion between prison medical personnel and a prisoner regarding treatment does not serve as a basis for a cause of action under § 1983.  <u>Jackson v. Moore</u>, 471 F.Supp. 1068 (D.C. Colo. 1979).

In the case at hand, plaintiff's Original Complaint alleged that his medical needs were addressed, not ignored and treatment was rendered.  (Original Complaint, Part IV (C), Paragraph 2.)  He was evaluated by three healthcare providers in a short period of time.  Dr. Fraider, after his examination, made a medical judgment and opinion as to Mr. Mendez's complaints and treatment.  This is the type of treatment decision which does not give rise to a cause of action under § 1983 as referred to above.  Mr. Mendez's attack is only on the wisdom or quality of the medical care rendered – an attack that cannot establish a Eighth Amendment violation.

Mr. Mendez's proposed Amendments do not alter these allegations.  While Mr. Mendez has altered the language of his allegations to more accurately track the case-law identified in Dr. Fraider's Brief in Support of Motion to Dismiss, his claims against Dr. Fraider are still premised on his allegation that he was seen by Dr. Fraider and does not believe the care he was given was appropriate.  This is not sufficient to show deliberate indifference to a serious medical need and, therefore, is insufficient to support his § 1983 claim.  Mr. Mendez's Motion to

4

Amend should be denied as futile and his § 1983 claim should be dismissed. [1]

**II.    Mr. Mendez's newly pleaded negligence claims are also futile.**

For the first time in his Motion to Amend, Mr. Mendez has alleged claims sounding in negligence. In his proposed allegations against Dr. Fraider, Mr. Mendez repeatedly refers to "negligence," "gross negligence" and "medical malpractice." These newly pleaded allegations are futile for at least two reasons. First, Mr. Mendez's negligence claims are not properly before this Court because Mr. Mendez's § 1983 claim is legally insufficient and there exists no other basis for jurisdiction over this claim. Second, these negligence claims are time barred.

*A.    This Court lacks jurisdiction to hear Mr. Mendez's negligence claims*

The sole basis for this Court's jurisdiction over this matter is Mr. Mendez's § 1983 claim. As described above, that claim is legally insufficient and should be dismissed, and his Motion to Amend that claim should be denied as futile. Once dismissed, there is no independent basis for this Court's jurisdiction and this Court should dismiss the remainder of Mr. Mendez's claims based on this lack of jurisdiction.

Further, in the event Mr. Mendez argues that this Court has jurisdiction under 28 U.S.C. 1367(a) ("§ 1367(a)"), this Court should decline to exercise supplemental jurisdiction under that statute. Under § 1367(a),

> in any action where the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or

---

[1] Mr. Mendez's Amended Complaint is also futile based on his continuing failure to allege that Dr. Fraider was acting under color of state law. As fully discussed in Dr. Fraider's Brief in Support of Motion to Dismiss, Mr. Mendez's failure to allege that Dr. Fraider was acting under color of state law is fatal to his claim. Nothing in Mr. Mendez's proposed Amended Complaint changes this fact and, thus, that Amendment is futile on this ground as well.

5

controversy under Article III of the United States Constitution.

Section 1367(a) provides supplemental jurisdiction over non-federal claims as long as those claims are sufficiently related to the claim upon which original jurisdiction is based. Section 1367(a) is, however, expressly limited by 42 U.S.C. § 1367(c) ("§ 1367(c)"). Pursuant to § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .(3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

The interplay of §§ 1367(a) and (c) create a procedural system where the district courts have the discretion to exercise or refuse to exercise jurisdiction in order to carry out the statute's underlying objectives of "judicial economy, convenience and fairness to litigants." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). As the Third Circuit has stated, "'It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003) (quoting Gibbs, 383 U.S. at 726). Supplemental jurisdiction should not be invoked when doing so would allow "a federal tail to wag what is in substance a state dog." Id. at 309.

Here, Mr. Mendez's § 1983 claim is legally insufficient and, therefore, this Court is left with no other basis for original jurisdiction. Section 1367(c)(3) specifically provides that, given the procedural posture of this case, the purely state law claims at issue and the dismissal of the only federal claims, it is appropriate for this Court to decline to exercise supplemental jurisdiction, deny his motion to Amend as futile and dismiss his claims.

B.    *Mr. Mendez's negligence claims are time barred.*

Mr. Mendez's proposed amendments sounding in negligence are also futile because they are time barred. The statute of limitations relative to those claims is two years,

which statute expired on April 16, 2005. 42 Pa. C.S.A. § 5524. Thus, the negligence claims Mr. Mendez is now trying to assert are time barred and his Motion to Amend to add these claims is, therefore, futile.

It is anticipated that Mr. Mendez will argue that the negligence claims contained in his proposed amendments are not time barred because he should be given the benefit of the date on which he filed his Original Complaint. Under both Pennsylvania and Federal law this is incorrect.

As stated above, Mr. Mendez's Original claim against Dr. Fraider was based solely on his allegation that Dr. Fraider was deliberately indifferent to a serious medical need. Mr. Mendez did not raise any claim of negligence or any allegations related to such a claim. Pennsylvania law is clear that Mr. Mendez is not now permitted, after the expiration of the applicable statute of limitations, to assert a new theory of liability based on principles of negligence. Reynolds v. Thomas Jefferson University Hospital, 676 A.2d 1205 (1996).

An attempt to introduce a new cause of action after the statute of limitations has expired is contrary to law and prejudicial to a defendant. Laursen v. General Hospital of Monroe County, 431 A.2d 237, 239-240 (1981); Reynolds, 676 A.2d at 1205 (1996). Additionally, where proposed amendments to a Complaint allege new factual allegations, contain different theories or kinds of negligence than previously pled and constitute new theories of recovery, these new causes of action will not be allowed after the statute of limitations has expired. Reynolds, *supra*; Junk v. East End Fire Department, 262 Pa. Super. 473, 490-491, 396 A.2d 1269, 1277 (1978); Romah v. Hygienic Sanitation Company, 705 A.2d 841 (1997); Newcomer v. Civil Service Commission of Fairchance Borough, 100 Pa. Commw. 559, 515 A.2d 108 (1986). Thus, Mr. Mendez's proposed amendments seeking to add allegations and claims related to

7

alleged, and previously non-pleaded, negligence is impermissible under Pennsylvania Law.

Further, this state law is consistent with Fed. R. Civ. Proc. 15 ("Rule 15"). Pursuant to Rule 15, a plaintiff is only able to relate new allegations back to the date of his or her original complaint if those allegations arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed .R. Civ. Proc. 15.  Here, Mr. Mendez's Original Complaint was limited to his § 1983 claim and the allegations he put forward in an attempt to support that claim.  Nowhere in his Original Complaint does Mr. Mendez claim negligence, nor does he allege any conduct, transaction or occurrence related to or in support of a negligence claim.  Thus, the negligence claims and allegations he has included in his proposed amendment are foreign to the Original Complaint, and do not arise out of the same conduct, transaction or occurrence set forth in the Original Complaint.  Therefore, they cannot relate back and, consistent with Pennsylvania law, are time-barred.

As previously stated, under both Pennsylvania and Federal law Mr. Mendez is precluded from relating his proposed negligence claims back to the date of his Original Complaint.  Therefore, those claims are time-barred and amending his Complaint to add them would be futile, contrary to law and should be dismissed.

**III.    Conclusion**

   Based on the foregoing, defendant, Dr. Fraider, respectfully requests that this Honorable Court deny Mr. Mendez's Motion to Amend.

              Respectfully submitted,

              KNOX McLAUGHLIN GORNALL &
              SENNETT, P.C.


            BY: /s/         Francis J. Klemensic, Esq.
              Francis J. Klemensic, Esquire
              120 West Tenth Street
              Erie, PA  16501
              Telephone (814) 459-2800
              Facsimile (814) 453-4530
              Email fklemensic@kmgslaw.com
              PA 42110

# 643924