# WEBER GALLAGHER
## SIMPSON STAPLETON
### FIRES & NEWBY LLP

October 18, 2005

OCT 20 2005

Direct Dial: (412) 281-5813
Email: sforeman@wglaw.com

Hamot Medical Center
Attention: Medical Records
201 State St.
Erie, PA 16550

**RE:    Samuel Mendez v. Mark Baker, D.O., et al**
**No.: 1:05-cv-00035**
**Claim Number: C113569**
**Our File Number: 0030210**

Dear Sir or Madam:

By letter of October 10, 2005, we served you with a federal subpoena for the records of Samuel Mendez, a prisoner in the Pennsylvania Department of Corrections who has sued our client. You responded that we must provide you with a signed authorization. (Your correspondence is enclosed along with our original subpoena).

We are not required to present you with a signed authorization to obtain Mr. Mendez' records. Pursuant to 45 C.F.R. §164.512:

A covered entity may use or disclose protected health information without the written authorization of the individual, as described in § 164.508, or the opportunity for the individual to agree or object as described in § 164.510, in the situations covered by this section, subject to the applicable requirements of this section. When the covered entity is required by this section to inform the individual of, or when the individual may agree to, a use or disclosure permitted by this section, the covered entity's information and the individual's agreement may be given orally.

* * * *

(e) Standard: Disclosures for judicial and administrative proceedings.

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:



EXHIBIT
D

305901

(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

Our subpoena was accompanied by a certificate of service reflecting that it was served upon Mr. Mendez pursuant to subsection (e)(1)(ii)(A), above. Accordingly, pursuant to HIPAA, we may obtain these records from you without an authorization from Mr. Mendez by subpoena.

Please forward the records of Mr. Mendez. We will pay any reasonable reproduction charges in accordance with Pennsylvania law.

Very truly yours,

Samuel H. Foreman

SHF/shf
cc: