IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL MENDEZ, | : | ***Electronically Filed*** |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CA No. 05-35 ERIE |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, ET AL. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

AND NOW COME Defendants, Mark Baker, D.O. and Prison Health Services, Inc. ("PHS"), by and through their attorneys, Elizabeth M. Yanelli, Esquire and Pietragallo, Bosick & Gordon, and file this Response in Opposition to Plaintiff's Motion to Amend Complaint as follows:

**I.     Factual Background and Procedural History**

Plaintiff, Samuel Mendez, filed his Original Complaint on January 23, 2005 alleging claims of deliberate indifference to a serious medical need as against the defendants, including Dr. Baker and PHS. Plaintiff's Original Complaint alleged that on March 20, 2003, Plaintiff injured his right arm and shoulder while moving rugs in the medical department and performing his regular duties as a janitor at the State Correctional Institution at Albion ("SCI-Albion"). (Complaint, Part IV(C), ¶ 1). On March 24, 2003, he was evaluated by Physician's Assistant Dan Telega, who referred him to Dr. Bashline for further examination. (Complaint, Part IV(C), ¶ 2). Dr. Bashline then referred Plaintiff to Dr. Conrad Fraider, an orthopedic specialist, who Plaintiff alleges was contracted by Prison Health Services to perform consultations at

SCI-Albion at the time. (Id.). On April 16, 2003, Dr. Fraider examined Plaintiff and told him that his injury was cosmetic in nature and self-healing and that the institution's insurance would not pay for surgery to repair any damage. (Id.).

Thereafter, on October 28, 2003, Plaintiff was taken to Millcreek Community Hospital for a second opinion and was examined by orthopedic specialist Dr. Bleday, who took x-rays. (Complaint, Part IV(C), ¶ 3). Dr. Bleday allegedly told Plaintiff that he had sustained a ruptured bicep tendon and diagnosed Plaintiff as suffering from rotator cuff problems; bone spurs in his right shoulder; and problems with "the shoulder ball and socket." (Id.). Plaintiff alleges that Dr. Bleday told him that his condition would require surgery. On September 16, 2004, Plaintiff was taken to Hamot Medical Center and was examined by a Dr. Sharma, who allegedly told him that there was nothing that could be done for Plaintiff's injury due to the length of time that had elapsed since the injury. (Id. at ¶ 4).

On October 11, 2005, Defendants Prison Health Services, Inc. and Mark Baker, D.O. filed their Motion to Dismiss Plaintiff's Complaint. In response to the Motion to Dismiss, Plaintiff filed both a Motion to Amend his Complaint and a reply to the Motion to Dismiss.

As set forth in detail below, Plaintiff's Motion to Amend his Complaint should be denied because Plaintiff's proposed amendments to the original Complaint fail to correct the fatal deficiencies of his Eighth Amendment claims against these defendants.[1] Plaintiff's untimely attempt to add a negligence claim(s) against these defendants should also be time-barred, and his proposed additional claim(s) of negligence is not within this Honorable Court's jurisdiction.

---

[1] It is unclear from the averments of Plaintiff's Motion to Amend the Complaint whether Plaintiff seeks to amend the Complaint as to Defendant, Prison Health Services, Inc. However,

**II.   Argument**

   **A.   Plaintiff's Attempt to Amend the Complaint is Futile as the Proposed Amendments Fail to State a Claim of Deliberate Indifference to a Serious Medical Need as Against Dr. Baker and PHS.**

Plaintiff's Motion to Amend his Complaint should be denied because, notwithstanding Plaintiff's proposed amendments to the original Complaint, the amendments fail to state a claim of deliberate indifference as to Dr. Baker or PHS. Although Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires," leave to amend should not be granted "when amending the complaint would clearly be futile." Cowell v. Palmer Township, 263 F.3d 286, 296 (3d Cir. 2001); see also McGreevy v. Stroup, 413 F.3d 359, 371 (3d Cir. 2005).

In the instant case, it is clear that permitting Plaintiff to amend his Complaint with respect to his Eighth Amendment claim(s) would be futile. Plaintiff's proposed amendments to the Complaint with respect to Dr. Baker aver that Dr. Baker knew of Plaintiff's injury and did not provide him with any medical services or adequate pain medication. Plaintiff avers that Dr. Baker told Plaintiff "there was nothing wrong medically with Plaintiff's shoulder" and that Dr. Baker did not take an x-ray of Plaintiff's shoulder. (Motion to Amend, ¶ 4). These proposed amendments, taken together with the allegations of fact previously made by Plaintiff in the original Complaint, fail to state a claim of deliberate indifference to a serious medical need. Plaintiff's Complaint alleged that he was evaluated by Physician's Assistant Dan Telega, who referred him to Dr. Bashline for further examination following his injury. (Complaint, Part IV(C), ¶ 2). Dr. Bashline then referred Plaintiff to Dr. Conrad Fraider,

---

this Response is submitted on behalf of PHS to the extent that it is Plaintiff's intention to seek to amend the Complaint with respect to Prison Health Services, Inc.

an orthopedic specialist. Thereafter, on October 28, 2003, Plaintiff was taken to Millcreek Community Hospital for a second opinion and was examined by orthopedic specialist Dr. Bleday, who took x-rays. (Complaint, Part IV(C), ¶ 3). On September 16, 2004, Plaintiff was taken to Hamot Medical Center and was examined by a Dr. Sharma.

Although Plaintiff clearly disagrees with medical decisions allegedly made by at least two orthopedic specialists and various physicians, including Dr. Baker. Disagreements over how to treat an illness or an injury do not implicate the Eighth Amendment. White v. Napoleon, 897 F.2d 103 (3d Cir. 1990); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992); Banvelos v. McFarland, 41 F.3d 232 (5th Cir. 1995); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976)(finding that once it shown that plaintiff received some care, complaints directed at the wisdom or quality of the medical care received from medical personnel will not state an Eighth Amendment violation under § 1983, even if treatment was negligent as to amount to malpractice); Boring v. Kozakiewcz, 833 F.2d 468 (3d Cir. 1987). Courts are not to second-guess the judgments made by medical personnel as to the appropriate means of treating a plaintiff's various medical conditions. Inmates of Allegheny County Jail v. Pierce, 612 F.2d at 754, 763 (3d Cir. 1979).

At most, as set forth in detail in the Brief in Support of the Motion to Dismiss Plaintiff's Complaint filed on behalf of Dr. Baker and PHS, which is incorporated herein by reference, Plaintiff's allegations appear to allege a disagreement between various orthopedic specialists over how to treat Plaintiff's injury and the medical decision as to whether or not surgery was the appropriate treatment for his injured right arm. Plaintiff's allegations further intimate his own dissatisfaction over the medical opinion of one of the specialists, who allegedly concluded that Plaintiff's

condition was "cosmetic in nature" and was "self-healing." Notwithstanding Plaintiff's allegations, as previously noted, disagreements over how to treat an injury or illness do not rise to the level of a Constitutional deprivation of Plaintiff's Eighth Amendment rights. Neither the exercise of a physician's medical judgment, nor allegations of mere negligence, without more, are sufficient to state a claim of deliberate indifference to a serious medical need. Plaintiff's own allegations show that his medical condition was not ignored and that his medical needs were addressed. Accordingly, Plaintiff's attempt to amend his Complaint to add allegations to support an Eighth Amendment claim as to Dr. Baker would be futile.

Likewise, Plaintiff's proposed amendments would fail to state a claim of deliberate indifference as to Defendant PHS. Plaintiff's amendments to the original Complaint and the averments set forth in his original Complaint seek to impose liability upon PHS based upon allegations that Dr. Baker and Dr. Fraider were employed with PHS. However, such allegations are legally insufficient to set forth an Eighth Amendment claim because Plaintiff cannot base his claims against PHS upon a theory of *respondeat superior*. See e.g., Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976); Hetzel v. Swartz, 31 F.Supp. 2d 444, 447 (M.D. Pa. 1998)(finding that a "prerequisite for viable civil rights claims is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights"); Rizzo v. Goode, 423 U.S. 362 (1976)(denying equitable relief where responsible authorities played no affirmative part in depriving any plaintiff of any constitutional rights).

Further, the proposed amendments to Plaintiff's Complaint fail to state a claim pursuant to 42 U.S.C. Section 1983 as against PHS because they do not cure

Plaintiff's failure to allege any policy or custom on the part of PHS that would have conceivably deprived Plaintiff of his Constitutional rights.  In order to show deliberate indifference on the part of a corporation, plaintiff must allege that the corporation pursued a policy or custom that caused the Constitutional injury.  Id.  To that end, a "policy is made when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict."  Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (quoting Pembar v. City of Cincinnati, 475 U.S. 469, 481, 89 L. Ed. 2d 452, 106 S. Ct. 1292 (1986)).  A custom can "be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  The policy or custom must reflect a deliberate indifference on the part of policy makers to the needs or rights of others.  Unterberg v. Correctional Medical Systems, Inc., 799 F. Supp. 490, 497 (E.D. Pa. 1992).

In the instant case, notwithstanding the proposed amendments to Plaintiff's original Complaint, Plaintiff has failed to allege any conduct on the part of PHS whatsoever that would suggest that the corporation maintained any policy or custom that was deliberately indifferent to Plaintiff's medical needs.  To the contrary, although Plaintiff names Prison Health Services as a defendant in this matter, the only factual allegations pertaining to PHS set forth in Plaintiff's Complaint and in his Motion to Amend are that PHS contracted with Dr. Fraider, an orthopedic specialist, to provide medical services at SCI-Albion, and that Dr. Baker was an employee of PHS.  These allegations fail to identify or even suggest any policy or custom adopted by PHS that was deliberately indifferent to Plaintiff's medical needs.

As Plaintiff's attempt to amend the original Complaint would be futile, his Motion to Amend should be denied and his Section 1983 claims against PHS and Dr. Baker should be dismissed.

> B.  **Plaintiff's Attempt to Amend the Complaint to add Claim(s) of Medical Negligence is Futile and Should be Denied.**

In Plaintiff's Motion to Amend the Complaint, Plaintiff also attempts to assert, for the first time in this action, claims of medical negligence against the defendants. The Court should deny Plaintiff's Motion to Amend on the grounds that Plaintiff's proposed amendments are time-barred by the applicable statute of limitations.

The applicable statute of limitations as to Plaintiff's negligence claims is two years. 42 Pa.C.S.A. § 5524. Plaintiff's proposed amendment to the original Complaint alleges that he sought medical aid and medical services from Dr. Baker during some unspecified period of time in March 2003 for his shoulder injury, and that Dr. Baker failed to provide Plaintiff with medication and x-rays. Based upon Plaintiff's allegations, the statute of limitations relative to Plaintiff's negligence claim as to Dr. Baker expired as of March 2003. Thus, Plaintiff's attempt to amend the original Complaint to assert a medical negligence claim is futile because any such claim as to these defendants is time-barred.

Plaintiff's attempt to amend is also futile pursuant to Federal Rule of Civil Procedure 15. Rule 15 allows a plaintiff to relate new allegations back to the date of the filing of the original complaint only if those allegations arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. See Fed. R. Civ. Proc. 15. In this case, the allegations set forth in Plaintiff's original Complaint do not allege any conduct, transaction or occurrence that would support either a claim of deliberate indifference or medical negligence on the

part of Dr. Baker or PHS. Plaintiff's original Complaint did not state any claim of negligence as against any defendant and Plaintiff did not allege that any conduct, transaction or occurrence set forth in the original Complaint that would constitute negligence as to these defendants. As Plaintiff's proposed amendments to introduce allegations and claims of negligence were not included in the original Complaint, these allegations cannot relate back to the date of the filing of the original Complaint and are time-barred.

Further, Pennsylvania state law is consistent with the legal principle that attempts to introduce new causes of action after the statute of limitations has expired are contrary to law and should not be permitted. See, e.g., Stalsitz v. Allentown Hospital, 814 A.2d 766, 776-777 (Pa. Super. 2002), citing, Shaffer v. Larzelere, 189 A.2d 267, 270 (1963)(citations omitted) and Laursen v. General Hospital of Monroe County, 431 A.2d 237, (Pa. 1981); see also Reynolds v. Thomas Jefferson University Hosp., 676 A.2d 1205 (Pa. 1996). The "statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." Ferraro, 777 A.2d at 1134, citing Hayward v. Medical Center, 608 A.2d 1040 (Pa. 1992), citing Pocono International Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). Plaintiff's proposed amendments clearly seek to add a legal theory of negligence based upon new factual allegations that were not previously pleaded in the original Complaint and which are time-barred by the applicable statute of limitations. Accordingly, Plaintiff's Motion to Amend his Complaint to assert negligence claims should be denied.

Further, this Court cannot maintain supplemental jurisdiction over Plaintiff's proposed medical negligence claim(s) where Plaintiff has failed to state a claim of

deliberate indifference as to these defendants. Title 28 U.S.C. Section 1367(a) permits a federal court to exercise supplemental jurisdiction over non-federal claims so long as such claims are sufficiently related to the claim upon which the court's original jurisdiction is based. Title 28 U.S.C. § 1367(c)(3) authorizes a district court to dismiss supplemental state law claims if all of the claims over which it has original jurisdiction have been dismissed. Where "the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendant state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000), quoting, Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

Plaintiff's original Complaint and the amendments proposed to Plaintiff's original Complaint fail to cure the legal deficiencies of the original Complaint with regard to his Section 1983 claims against these defendants. Should the Court dismiss Plaintiff's Section 1983 claims, the Court has no other jurisdictional basis to exercise its supplemental jurisdiction as to any state law medical negligence claim asserted by Plaintiff. Further, judicial economy, convenience and fairness do not require this Court to decide the pendant state claims. Therefore, Plaintiff's Motion to Amend the Complaint to add state law medical negligence claims should be denied.

### III.   Conclusion

For all of the above-stated reasons, Defendants, Prison Health Services, Inc. and Mark Baker, D.O. respectfully request that Plaintiff's Motion to Amend the Complaint be denied and that Plaintiff's Complaint be dismissed.

Respectfully submitted,

PIETRAGALLO, BOSICK & GORDON

*/s/ Elizabeth M. Yanelli*
ELIZABETH M. YANELLI
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

(412) 263-2000

*Attorney for Defendants,*
*Mark Baker, D.O. and*
*Prison Health Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Response in Opposition to Plaintiff's Motion to Amend Complaint** was served via United States First-Class Mail, postage prepaid, this 23rd day of November, 2005, upon the following non-ECF users:

Samuel Mendez, CY-7322
801 Butler Pike
Mercer, PA 16137

Rodney M. Torbic, Esquire
Susan J. Forney, Esquire
Office of Attorney General
Manor Complex, 6th Floor
564 Forbes Avenue
Pittsburgh, PA 15219

/s/ Elizabeth M. Yanelli
ELIZABETH M. YANELLI
Pa. I.D. No. 86932

PIETRAGALLO, BOSICK & GORDON
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000

*Attorney for Defendants,*
*Mark Baker, D.O. and*
*Prison Health Services, Inc.*