IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL MENDEZ ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-35 Erie |
| ) | District Judge McLaughlin |
| PA. DEPT. OF CORRECTIONS, et al. ) | Magistrate Judge Baxter |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that motion to dismiss filed by Pennsylvania Department of Corrections [Document # 16] be GRANTED.

It is further recommended that the motion to dismiss filed by Dr. Baker and Prison Health Services [Document # 19] be GRANTED.

It is further recommended that the motion to dismiss filed by Dr. Fraider [Document # 23] be GRANTED.

It is further recommended that Plaintiff's motion to amend the complaint [Document # 29] be DENIED AS FUTILE.

**II.    REPORT**

**A.     Introduction**

On January 28, 2005, Plaintiff Samuel Mendez, acting *pro se*, filed the instant action. Plaintiff is an inmate currently housed at the State Correctional Institution at Mercer. Named as Defendants in this case are: Pennsylvania Department of Corrections; Prison Health Service; Dr. Mark Baker; and Dr. Conrad Fraider. Plaintiff alleges that Defendants violated his Eighth Amendment rights by providing him with substandard medical care. As relief, Plaintiff seeks

1

monetary damages.

Defendants are represented separately but have each filed a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff has filed an Opposition to each of the pending motions to dismiss[1], as well as a motion to amend the complaint. As such, this matter is ripe for disposition by this Court.

### B.      Standards of Review
#### 1.      *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land

---

[1] In his Opposition briefs, Plaintiff argues that the pending motions should be stricken because none of them contains a "verification" pursuant to the requirements of 28 U.S.C. § 1746. Plaintiff's argument in this regard is inapposite as under the Federal Rules of Civil Procedure federal courts do not require such verification.

Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C. Plaintiff's Medical History

Plaintiff alleges that on March 20, 2003, he sustained an injury to his right arm and shoulder.  Following the injury, Plaintiff was examined by physician's assistant Dan Telega who referred Plaintiff to Dr. Bashline for further examination.  Dr. Bashline referred Plaintiff to Dr. Fraider, an orthopedic specialist.  According to Plaintiff, on April 16, 2003, Dr. Fraider examined Plaintiff and told him that his injury was cosmetic in nature and self-healing and that the institution's insurance would not pay for surgery to repair any damage.

The gist of Plaintiff's complaint is that he disagrees with Dr. Fraider's treatment plan (as implemented by the other Defendants) and claims that Fraider provided inadequate medical care. In support of his claim, Plaintiff alleges that he was later seen by another doctor who allegedly

told Plaintiff that he had sustained a ruptured bicep tendon and diagnosed rotator cuff problems, bone spurs, and problems with the shoulder ball and socket which required surgery.

### D.  *Respondeat Superior*

Plaintiff has not specified the allegedly unconstitutional conduct of Defendants Prison Health Service and Dr. Mark Baker.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).  Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991).  The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207).  Section 1983 liability cannot be predicated solely on *respondeat superior*.  Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Because Plaintiff has not alleged any specific conduct or personal involvement by these Defendants, the motion to dismiss should be granted as to Defendants Prison Health Services and Dr. Baker.  See also Section F, infra.

### E. Deliberate indifference under the Eighth Amendment

All Defendants have moved to dismiss on the basis that Plaintiff has failed to establish a claim under the Eighth Amendment.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). See also Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

5

Plaintiff's own complaint reflects that he was medically evaluated shortly after his injury and thereafter by several medical professionals. Besides receiving medical care, including an evaluation by an orthopedic specialist, within the institution, Plaintiff was later transported to an outside hospital. Plaintiff's main complaint is that he disagrees with the medical treatment he received. However, Plaintiff's disagreement (or indeed, disagreement by another medical professional) does not rise to the level of an Eighth Amendment violation. As Plaintiff received some medical care, he cannot state a claim of deliberate indifference and therefore his claim should be dismissed as to all Defendants.

### F. Futility of Amendment

Plaintiff has filed a motion to amend his complaint seeking to make more specific allegations of personal involvement against Defendants Baker and Fraider, including allegations of negligence and medical malpractice.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

The motion to amend should be denied as futile as Plaintiff's proposed amendments cannot overcome the defects of the original complaint. Even with more specific allegations of personal involvement by Defendant Baker which could overcome a dismissal based on *respondeat superior*, Plaintiff has not stated a valid claim because under the Eighth Amendment standard Defendants were not deliberately indifferent to Plaintiff's medical needs as explained above.

6

### III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that motion to dismiss filed by Pennsylvania Department of Corrections [Document # 16] be GRANTED.

It is further recommended that the motion to dismiss filed by Dr. Baker and Prison Health Services [Document # 19] be GRANTED.

It is further recommended that the motion to dismiss filed by Dr. Fraider [Document # 23] be GRANTED.

It is further recommended that Plaintiff's motion to amend the complaint [Document # 29] be DENIED AS FUTILE.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


                                                    S/ Susan Paradise Baxter
                                                    SUSAN PARADISE BAXTER
                                                    Chief United States Magistrate Judge


Dated: April 28, 2006