IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(Letter-Brief)

| | |
|---|---|
| SAMUEL MENDEZ, In Propria Personam<br>Pro se., Plaintiff, | CIVIL DIVISION / 1983 |
| v. | No. 05-35 Erie. |
| PA. DEPT. OF CORRECTIONS; PRISON HEALTH SERVICE;<br>DR. MARK BAKER; DR. CONRAD FRAIDER, Defendants. | JURY TRIAL DEMANDED<br>May 2, 2006 |
| The Hon. Susan P. Baxter, Magistrate Judge,<br>(for the Hon. Sean McLaughlin, Judge)<br>C/o United States District Court<br>Post Office Box 1820<br>Erie, PA  16507 | *Reinstated - May 15, 06 |

RE: **PLAINTIFF'S LETTER BRIEF OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT/
RECOMMENDATION NOT TO SUSTAIN MR. MENDEZ'S GOOD FAITH CIVIL COMPLAINT
OBJECTION TO COURTS BAD FAITH' GRANT OF DEFENDANT'S MOTION TO DISMISS**

To:   The Hon. Susan P. Baxter,

Dear Magistrate Judge Baxter,

Please accept this Letter-Brief, (per. Fallen v. U.S.,84 S.Ct. 1689(1964)
filed in lieu of a formal brief filed for "Plaintiff's Objections to
Magistrate's Report and Recommondation to Dismiss Complaint, files his
Letter-Brief-Answer/Motion to Sustain the Complaint, Nunc Pro Tunc."

Official Notice is given, To all whom this matter may hereafter concern:


JURISDICTION STATEMENT

   The Court's Jurisdiction is invoked pursuant to 42 USC 1983; 1331(a);
1343(a.1-3); The Eighth & Fourteenth Amendments of the U.S. Constitution.
The Court has Supplemental Jurisdiction over Plaintiff's State Law Tort
Claims under 42 USC 1985/1986; 28 USC 1367. Greeno v. Daley, 414 F.3d
645, (2005); Sherman v. Franklin Regional Med. Ctr., 660 A2d 1370 (1995).


   AND NOW COMES, Samuel Mendez, the above named plaintiff, Who In Propria
Personam/Pro se., depose by law and say, that he's respectfully filing
**"A Letter-Brief Reply in Opposition to Mag. J.'s Report & Recommondation
to Grant** Defendants Motion to Dismiss, Deny **Motion to Sustain Complaint"**
He Now ask of this Court in good faith to grant **"Plaintiffs Letter-Brief
Response to R./R. & Motion to Sustain Complaint."** Thus allow this cause
of action to be heard and in support of his **Letter-Brief-Response/Object
ion to Defendants Motion to Dismiss,** Plaintiff states the following:

Plaintiff submits this <u>Response to Strike Magistrates Report & Recommendation</u>, Because the <u>d</u>efendants have failed to meet the burden of demonstrating that there are no dispute as to any material facts, And because the facts set forth in Plaintiff's Original and Amended Civil Complaint, shows beyond dispute <u>d</u>efendants have violated his clearly established Constitutional Rights. The Court must Deny Magistrate's Dismissal Report

## THE FACTUAL ALLEGATIONS AND STRICT LIABILITY TO BE CONSIDERED

A Substantial Risk of Serious Harm/Injuries was present at Pa.SCI-Albion This is not such a complex medical malpractice/personal injury case, that the burden needed or cause and effects, should only be shown thus, satisfied by the written testimony, i.e. (<u>Certificate of Merit</u> Pa.R.C.P. Rule 1042.3(a.3)...Because Expert Testimony from an appropriate licensed medical professional is unnecessary for prosecution of injuries claimed; Doctrine of <u>Res Ipsa Loquitur</u> applies, "in <u>l</u>ieu of Certificate of Merit" from an expert doctor's medical opinion, that defendants in their acts or inactions deviated from acceptable and professional medical standards Herein, <u>t</u>he proofs' are "so obvious as to be within the range of natural experience and comprehension of lay persons." A Jury Trial is Demanded!

   I. Plaintiff Has Stated A Claim of Violation of the Eighth Amendment.

   1. Instantly, Plaintiff, has filed a Complaint in this U.S. Federal Court on January 28, 2005. That on 3-20-03 While he was committed at the Pa.DOC/State Correctional Institution-Albion, (SCIA); That He was <u>i</u>n good health and free of any injury, pain or suffering. He Complained that on March 20, 2003, He was Seriously Injured because of DOC Policies And <u>t</u>he Lack of Prompt good faith Medical Diagnostic & Corrective Treatment, after receiving a <u>ruptured bicep tendon</u> in his arm/lost of usage! Defendant, Mark Baker, was responsible for SCIA Medical Decision-making, Doctor-Treatment Approvals, Weekly Inmate-Progress-Review and Emergency Training, Enforcement of State and Federal Health/Medical Care Polices.

   2. Pa.DOC, didn't provide a <u>safe working environment</u> nor a <u>Maintenance Supervisor</u>; Mendez, was left on his own to lift a 180lb. Rug! <u>Complaint:</u> IV.(C). <u>Statement of Claims</u>. He Timely Reported the Incident on 3-20-03 But wasn't seen by Dr. Conrad Fraider, (PHS Specialist), Until 4-16-03; Dr. Fraider Mis-diagnosed Plaintiff's Injuries as Cosmetic/self-healing, He examined Plaintiff in bad faith, <u>w</u>ithout benefit of a X-Ray or MRI! Next Mendez, wasn't taken to Millcreek Hospital until 10-28-03, <u>223 Days After Being Injured</u> on 3-20-03; He is examined by Dr. Bleday, Who found Mendez' suffered a ruptured bicep tendon, and <u>n</u>eeded corrective surgery!

   3. Because of the arm injuries received, He/Mendez was still suffering severe pain, 546 Days since 3-20-03; So on 9-16-04 Plaintiff was taken to Hamot Medical Center and examined by Dr. Sharma, Who opinioned that "nothing now could be done for plaintiff's injuries due to length of time that had elapsed since the original injury." See <u>Complaint:</u> IV.(C) Defendants were deliberate indifferent in conduct by course of treatment perform, Namely <u>p</u>ost-injury-diagnostics/delay in providing a recommended prescribed (surgery) treatment or good faith corrective medical care, that Dr. Bleday, and Dr. Sharma, agree should have been timely performed Mendez's permanent injury/suffering was caused by deliberate indifference

4. The Plaitiff's Complaint/Claim Pages 2. - 4. starting at Paragraphs IV thru. VI, Is incorporated herein, as if set forth whole and in part.

Here there are substantive allegations, (made of denial) and violations of constitutional rights in treatment of inmate, Plaintiffs Civil Rights Complaint shall be considered on its merits by a properly held hearing, Gregory v. Wyse, 512 F.2d 378 (1975). All Medical Staff Delayed Surgery!

5. Defendant, SCI-Albion, at all times was DOC's legal representative for Pa. State Government, namely for Medical-Care, Custody and Control of inmates housed in DOC; DOC/SCIA duties include the Prisons Operation, Enforcing Policies to assure Emergency-Medical-Treatment for Mr. Mendez.

Baker charged with not Enforcing Federal and State Medical/Health Laws! An act performed subject to a "custom, policies and rules" that have not been formally approved by an appropriate decision-maker may fairly subject the Pa. Government to liability on the theory that the relevant practice is so widespread as to have the force of law. DOC Caused Injury

### The Clearly Established Law

At time of Plaintiff's incarceration, It was clearly established that a prison official violates an inmate's (Mendez's) 4th Amendment Rights to due process if he acts with deliberate indifference to the serious medical needs of the prisoner. Lancaster v. Monroe Co. Ala., 116 F.3d 1419, 1425-1427 (1997). Magistrate's R. & R. has ignored all the facts!

6. On October 28, 2003, after being returned back to SCIA from Millcreek Hosp., Mendez again sought medical attention because he was experiencing severe pain in his arm/He couldn't sleep, couldn't control his arm to lift any heavey objects over 5 lb.; to the point his arm is useless. He/Baker failed to act upon Dr. Bleday's Surgery Recommendation, instead he wasted precious time not ordering surgery; He went Doctor shopping, for 546 days ignoring Mendez's injury, until inoperable by Dr. Sharma!

7. On 6-23-03 Baker told Mendez, He would have his injured arm repaired, would talk to Dr. Fraider. On 3-19-04 Baker, told Mendez' nothing was wrong. Yet his Seriously Injured arm obviously needed corrective medical treatment, Because of severe pain and fact Dr.Bleday/Sharma found injury

8. Dr. Fraider, was deliberately indifferent, offered no timely help, for over 546 days, instead informed Mendez, "because of DOC's Policies No help would be forth coming, He ignored timely surgery recommendations Fraider's conduct/inactions constitute deliberate indifference to Mendez Here, Defendants knew Mendez was in serious need of correctiv medical treatment, but intentionally failed/delayed or refuse to provide prompt "medical aid constitutes deliberate indifference." McElligott v. Foley, 182 F.3d 1248, 1255 (1999), Medez received no corrective medical surgery and found 3 yrs. later, with a major loss of the arms' useful movement.

9. The Lack of Prompt or Timely Medical Diagnostic/Corrective Treatment, after Dr. Bleday, on 10-28-03 gave DOC Notice, caused a longterm injury, Was tantamount to cruel/unusual punishment and Violated Eighth Amendment All Defendants Must be Held Liable under Eighth Amendment since they knew He faced a substantial risk of injury/harm failed to prevent it!

## II. District Judge Must Reject Magistrate's Report and Recommendations.

10. The Plaintiff Objects to the Magistrate's Report and Recommendation and We ask that the District Judge, **Reject the Report and Recommendation** Mendez, ask that the Court disagree with Magistrate Judge's conclusions, misapprehension about DOC/SCI-Albion's, Dr. Baker's, the P.H.S. Contract Employees and Dr. Fraider's personal involvement/the 546 Days deliberate indifference "by not approving/applying "obviously needed and Dr. Bleday prescribed/recommended corrective surgery," As confirmed by Dr. Sharma! The **Plaintiff's Medical Exhibits**: B. through I. are herein, incorparated

Herein, It's Requested that District Judge, make a De novo determination of the effect from Delayed/Lack of Meaningful Prompt Surgery, complained of. Here Magistrate failed to find defendants, their policies, delays failure to treat caused a permanent injury, With respect to Mendez's Arm

11. The DOC and **Prison Health Services** (PHS) **Contract Employees**, Delayed Timely/Meaningful Surgery; Said, Dr. Sharma, Who opinioned that "nothing could be done for Mendez's injuries due to long length of time elapsed since original injury." See **Complaint**: IV.(C). and **Exhibits**:B-I. **Agree**, Defendants were deliberate indifferent in conduct by course of treatment perform; Agree Defendants **post-injury-delay** in not providing recommended prescribed surgery, by Doctors Bleday,/Sharma, is a 8th Amend. Violation **Agree** Mendez's permanent suffering was caused by deliberate indifference

12. **Agree** Defendants concede, they're Medically Contracted, Personally responsible for not timely performing the prescribed corrective surgery!

13. Instantly, None of defendants performed their contracted duty to assure Mendez's good health before and Receive any prescribed treatments after the injury. Defendants "subjectively" ignored Mr. Mendez's Medical & Safety Needs! Our Court of Appeals' would reverse, a Contrary Verdict as being Not Worthy of Confidence. We find **Plaitiff** has stated a claim, See **Complaint/Claims Pages 2-4. Paragraphs IV - VI. Exhibits**: A.-thru-I.

## III. Defendant's Are Not Entitled to Qualified Immunity from Damages.

14. DOC is charged with not following Federal/Medical Care/Health Laws! An act performed subject to a "custom, policies and rules" that have not been formally approved by an appropriate decision-maker may fairly subject the Pa. Government to liability on the theory that the relevant practice is so widespread to have force of law. Defendants aren't immune

15. Plaintiff has clearly established that DOC Prison Official violated His (Mendez's) 8th/4th Amendment Rights to be Free from Cruel and Unusual Treatment and violated his Right to Due Process, DOC has acted with deliberate indifference to the serious medical needs of a prisoner. Lancaster, Supra. Here **Mag's R. & R.** II.(C-F) has ignored all the facts!

16. Defendants knew Mendez **was in serious need of corrective surgery,** then because of cost, intentionally delayed or refuse to provide prompt medical aid constitutes, deliberate indifference. Cook v. Martin, 148 Fed. Appendex 327 (2005), Accord. Hamilton v. Leavy, 322 F.3d 776 (2003) **Conclusion**: Mag.'s R/R. be Rejected and **Relief** for Jury Trial be Granted

IV. Statement of claim

C.

On March 20, 2003 while attending to my regular duties as a janitor in the medical department at SCI-Albion I suffered an injury to my right arm and shoulder while moving rugs located in the medical department. An incident report was immediately filed by my work supervisor confirming the injury had occurred while working.

    On March 24, 2003 I was evaluated by Physician's assistant Dan Telega who referred me to Dr. Bashline for further examination. Dr. Bashline then referred me to Dr. Fraider who is an orthopedic specialist who is contracted by Prison Health Services to do consultations at SCI-Albion. On April 16, 2003 I was examined by Dr. Fraider without any X-rays or an MRI. Dr. Fraider stated that my injury was "cosmetic in nature and self-healing" and that the institution's insurance would not pay for surgery to repair the damage.

    On October 28, 2003 Plaintiff was sent out to Millcreek Hospital for a second opinion and was examined by orthopedic specialist Dr. Bleday, who took some X-rays and contrary to the opinion of defendant Fraider found a number of things wrong:
        1. a ruptured bicep tendon
        2. problems with the rotator cuff
        3. bone spurs in the right shoulder
        4. problems with the shoulder ball and socket
        all of which would require surgical intervention.

    On September 16, 2004 plaintiff was taken to Hamot Medical Center and examined by Dr. Sharma who stated that at this point nothing could be done due to the length of time which has elapsed since the injury. Plaintiff is continually in pain and it is obvious that these multiple injuries have not healed themselves as defendant Fraider claimed they would, Plaintiff is right handed and such a severe injury to his right arm will undoubtedly effect plaintiff's livelihood as a professional auto painter and mechanic upon his release from prison.

    Plaintiff contends that the defendant's were deliberately indifferent to his serious medical needs by not providing adequate treatment to his injury and plaintiff further contends that the defendant's sole reason for not providing treatment was the cost of said treatment which is in violation of 42 U.S.C. §1983

EXHIBIT-A.



OIL VALLEY ORTHOPEDICS & SPORTS MEDICINE

Raymond M. Bleday, DPM, MD

October 28, 2003

Mark Baker, DO
Medical Director
Albion State Prison
10745 Route 18
Albion, PA 16475

RE: Samuel Mendez

Dear Mark,

I am writing a letter of medial necessity regarding our mutual patient, Samuel Mendez. Mr. Mendez was seen by my service this date at the Millcreek Community Hospital Fracture Clinic. He was accompanied by two guards. His complaint was a right biceps tear and shoulder pain. Apparently he injured himself while picking up a wet runner mat working on the medical floor at Albion Prison. He felt sudden onset of pain. He was apparently seen by another orthopedist who verified the diagnosis of a biceps tear. However, he was told that repair would be cosmetic and that he should not suffer any function deficit.

Mr. Mendez continues to have right shoulder and arm weakness and pain. He can not achieve a full overhead motion and has problems lifting up heavier objects. He also relates mechanical symptoms of clicking and catching within the shoulder. The patient relates that he is an auto body worker, mechanic and a musician. Consequently, he would like to have his right biceps repaired, if possible.

I have advised that he receive an arthrogram MRI. I also suggested surgical intervention which would include a right shoulder arthroscopy for debridement of a biceps tendon tear stump, removal of bone spurs with a subacromial decompression and distal clavicle resection, as well as a mini-open proximal biceps tenodesis. Scheduling of his radiographic study and surgery are pending your approval for medical necessity.

Thank you for allowing me to participate with the treatment of this patient. If you have any questions or need any further information, please feel free to contact me.

Yours truly,

Raymond Bleday, MD
R. Bleday MD

Mark Baker
Medical Director

314 South Franklin Street, Suite D • Titusville, PA 16354 • 9 Glenview Avenue • Oil City, PA 16301 • 814-827-3914 • 800-950-1851

EXHIBIT -B.

# CONSULTATION RECORD

**Part A: Completed by referring facility:** | Type of Consult: (Circle) **Initial** Follow-up **On-Site** Off-site Telemedicine

| Referred to: | Referred by: | Appt. Date/Time: |
|---|---|---|
| Hamot Med Ctr | Dr. M. Baker | 8/16/04 1145A |
| **Specialty:** Orthopedic Clinic | **Drug Sensitivity:** NKA | **Copies of relevant health information attached:** (circle) Yes No |

**Reason for Referral/History of Present Illness/Injury:**

Right biceps muscle tear and Persistent right shoulder pain - Persistent and progressive weakness, PT,
— work injury lifting; Pt is (R) hand dominant
(R) Shldr MRI-8/3/04       X 17 months
MRI impression (R) SLAP (L-IV) + mild supraspinatus tendinopathy

**Treatment to Date/Current Medications and Significant Medication History:** NSAIDs, Tylenol, PT, work/activity restrictions, 
on Tylenol normally          orthopedic consult, XR, MRI preform —

                                                                Dr. M. Baker                    [signature]    8/16/04
                                                                                    Signature of Referring Physician    Date

**Reviewed by Medical Director: (Circle)** Approval / Disapproval    **Forwarded to UR (Date):** 8/17/04
**Medical Director Signature:** [signature]  Date: 8/16/04

**UR Decision: (Circle)** Approval / Disapproval    Date: 8/17/04

**Part B:** To be completed by consulting Physician and returned with officer to the institution: # 14199680

Pt has chronic (R) Biceps (long head) rupture
 + minimal deficit in function.
- No operative treatment would improve results.
Rec: Occupational therapy + Vocational training
Follow up - as needed, Avoid heavy
                                lift, > 50 lb                        [signature]  9/16/04
Signature of Medical Director Date/Time              Signature of Consulting Physician Date/Time

**Consultation Record**
**Commonwealth of Pennsylvania**
**Department of Corrections**
**DC-441**
(Revised: 1-01)

Inmate Name: Monroe, Samuel
Inmate Number: CY 7322
DOB: 3-7-57        EXHIBIT-E.
Facility: Am

C — 3/14/1996
R — 6/24/2010

WHITE: Medical Record



**Millcreek Community Hospital**

**EMERGENCY ROOM / OUTPATIENT** — MEDICAL RECORDS

AUTHORIZATION ON REVERSE SIDE   PAT# 1166923   HOUSE PHYSICIAN: BLEDAY, RAYMOND

| LAST NAME | FIRST NAME | MIDDLE NAME | HOME PHONE | DATE AND TIME | EMERGENCY ROOM NO. |
|---|---|---|---|---|---|
| MENDEZ | SAMUEL | | 756-5778 | 102803  11:42am | 153718 |

| ADDRESS | CITY | STATE | AGE | DATE OF BIRTH | SEX | MAR. STAT. | RACE | RELIGION | RES. AREA | SOC. SEC. NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| 10745 RT 18 | ALBION | PA 16401 | 46 | 03/07/57 | M | | B | | 049020 | |

PATIENT'S EMPLOYER / ADDRESS / COMPENSATION: N

GUARANTOR'S EMPLOYER / ADDRESS

GUARANTOR/NEAREST RELATIVE: DAVID KRENZELAK GUARDIAN   ADDRESS: 10745 RT 18 ALBION, PA 16475   PHONE: 756-9722

EMERGENCY ROOM [ ]   OUTPATIENT [X]   FAMILY PHYSICIAN: BAKER, MARK D., D.O.   BROUGHT BY: AMBULATORY

**BRIEF HISTORY; CHIEF COMPLAINT:**

ALLERGIES: NKDA
MEDICATIONS: Naprosyn
LAST TETANUS TOXOID: 
CONDITION ON ADMISSION: 

(R) proximal biceps rupture

**PHYSICIAN'S REPORT — PHYSICAL FINDINGS:**

Injured (R) shoulder ~6 mo ago 2° to lifting up a wet runner while on the prison medical service. Previous ortho opinion c̄ bicep tear — told cosmetic + no functional interference. c/o pain. (R) hand dominant.

**PHYSICIAN'S ORDER:**
Rt Shoulder Bleday Series

**TREATMENT/PROCEDURES:**
X-rays   Rx: arthrogram MRI
Recommend Surgical repair

**DIAGNOSIS:** (R) proximal biceps tendon tear/rupture

REFERRED TO: ___   [ ] ADMIT [ ] DR. OFF [ ] TRANSFER [X] HOME [ ] EXPIRED
CONDITION ON DISCHARGE: 
ATTENDING PHYSICIAN: R Bleday MD   DATE: 10-28-03   TIME: 3:00 PM

— EXHIBIT-D —

# CONSULTATION RECORD

| Part A: Completed by referring facility: | Type of Consult: (Circle) **Initial**  Follow-up   **On-Site**  Off-site  Telemedicine |
|---|---|
| Referred to: Hand Med. Gtr | Referred by: Dr. M. Baker | Appt. Date/Time: 10/16/04  11:45 |
| Specialty: Orthopedic Clinic | Drug Sensitivity: NKA | Copies of relevant health information attached: (circle) **Yes**  No |

**Reason for Referral/History of Present Illness/Injury:**

Right biceps muscle tear and persistent right shoulder pain - persistent and progressive weakness, PT, — work injury 1/5/04; Pt is @ Hunt Hospital
@ shoulder MRI-Biceps TE    x 17 months
MRI anterior (partial L-1b4) + mild supraspinatus tendinopathy

**Treatment to Date/Current Medications and Significant Medication History:** NSAIDs, TENS, PT, work (activity) restrict,
 — any treatment recommended               orthopedic consults, XR, MRI known —

                                                                    Dr. M. Baker         [signature]  8/16/04
                                                                                 Signature of Referring Physician    Date

| Reviewed by Medical Director: (Circle)  **Approval**  Disapproval | Forwarded to UR (Date): |
|---|---|
| Medical Director Signature: [signature] Date: 8/16/04 | 8/17/04 |
| UR Decision: (Circle) **Approval**  Disapproval   Date: 8/17/04 | |

**Part B:** To be completed by consulting Physician and returned with officer to the institution: # 14091630

Pt has chronic (R) Biceps (long head) rupture
 — without deficit in function.
 — No operative treatment would improve condition
Rec: Occupational therapy for vocational training
Follow up - as needed. Avoid heavy
                    lift. > 50 lbs             [signature] 9/16/04
Signature of Medical Director Date/Time         Signature of Consulting Physician Date/Time

**Consultation Record**
**Commonwealth of Pennsylvania**
**Department of Corrections**
**DC-441**
(Revised: 1-01)

Inmate Name: Monroe, Samuel
Inmate Number: CY 7322
DOB: 3-7-51      EXHIBIT-E.
Facility: Alm

C - 3/14/1996
R - 6/24/2010

WHITE: Medical Record      CANARY: Consultant

**HAMOT MEDICAL CENTER**        201 STATE STREET • ERIE, PENNSYLVANIA 16550

## ORTHOPEDIC CLINIC NOTE

**DATE:**                                       **PATIENT NO:**

**DATE OF BIRTH:** 03/07/1957

**HISTORY OF PRESENT ILLNESS:** Sam is a 47-year-old patient who is here in our clinic with a complaint of chronic right biceps rupture. He sustained this injury about 2 ½ years ago at work. He was lifting something heavy and felt a snap here. He did not seek any medical attention since that time. He does complain of occasional pain when lifting heavy objects or on forced supination. No other significant history.

At present, he is incarcerated.

### PHYSICAL EXAMINATION

EXTREMITIES: There is asymmetry of the right biceps muscle. He does have 4/5 strength in his biceps on elbow flexion and also on supination. You can accentuate asymmetry or deformity with this motion. Other than that, he does not have any other significant injuries.

Neurovascular exam was normal.

**LABORATORY & X-RAY DATA:** His x-rays are also benign.

**ASSESSMENT:** Chronic rupture of the proximal right biceps tendon.

**PLAN:** The patient was told that at present, he would not benefit from any surgical intervention. We will send him for occupational therapy for occasional training and activity modification. Ansaids p.r.n. Follow up as needed.

| PATIENT NAME | DICTATED BY | M.R. NO. | ROOM | DISCHARGE DATE |
|---|---|---|---|---|
| Mendez, Samuel | Vivek Sharma, MD | 51-83-76 | | |
| DOCUMENT NUMBER | DATE DICTATED | DATE TRANSCRIBED | TYPE OF REPORT | |
| 1154394 | 09/16/2004 | 10/08/2004 | CLINIC NOTE | PAGE 1 OF 2 |

HAMOT MEDICAL CENTER • 201 State Street • Erie, PA 16550 • 814/877-6000

ORIGINAL/EXHIBIT-F



EXHIBIT-G.

**INTRINSIC MUSCLES**
They are divided into:
-Anterior muscles of the arm they include the brachial bicep muscles, the coracobrachial and the anterior brachial;
-Posterior muscles of the forearm: there are 8 and are arranged in 4 consecutive layers. The round pronator makes up the superficial layer with the flexor carpi radialis, the long palmar and with the ulnar flexor of the carpus. The second layer is made up of the superficial flexor of the fingers (flexor digitorum superficialis) and the flexor longus pollicis (thumb). The quadrate pronator muscle is found in the deep layer.
-Lateral muscles of the forearm: they are the brachiocardial, the extensor carpi radialis longus, and the extensor carpi radialis brevis.
-Posterior muscles of the forearm: there are 9 and they are arranged on two layers. On the superficial layer we find the extensor digitorum (fingers), the extensor digiti minimi, the extensor carpi ulnaris and the anconeus. In the deeper layer, we have the supinator muscles, the longus pollici adductor, the extensor pollicis brevis and the extensor indicis.
-Muscles of the hand: they are all found on the palmar side of the hand and are divided into three groups: lateral, medial, intermediate ►68-69.



▲ **Section of the elbow**
1. cutis
2. Triceps of the arm
3. Articular cavity
4. Trochlea of the humerus
5. oleocranon
6. Subcutaneous bursa of the oleocranon
7. Coronoid process
8. Ulna
9. Ulnar artery
10. Extensor carpi ulnaris
11. Flexor digitorum profundus
12. Flexor digitorum superficialis
13. Flexor carpi radialis
14. Round pronator muscle
15. Radial artery
16. Brachial artery
17. Biceps of the arm
18. Brachial muscle
19. Humeri

◄ **Muscles of the right shoulder**
3. Frontal view, second layer
4. Frontal view, third layer
5. Dorsal view, deep muscles

► **Muscles of the upper right arm**
6. Internal frontal view of superficial muscles
7. Frontal view, first layer

▲ **Muscles of the internal side of the right forearm**
8. Superficial layer
9. Deep layer

EXHIBIT-H.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL MENDEZ )
        Plaintiff, )
  v. ) C.A. No. 05-35 Erie
       ) District Judge McLaughlin
PA. DEPT. OF CORRECTIONS, et al. ) Magistrate Judge Baxter
        Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that motion to dismiss filed by Pennsylvania Department of Corrections [Document # 16] be GRANTED.

It is further recommended that the motion to dismiss filed by Dr. Baker and Prison Health Services [Document # 19] be GRANTED.

It is further recommended that the motion to dismiss filed by Dr. Fraider [Document # 23] be GRANTED.

It is further recommended that Plaintiff's motion to amend the complaint [Document # 29] be DENIED AS FUTILE.

**II.   REPORT**

    **A.   Introduction**

On January 28, 2005, Plaintiff Samuel Mendez, acting *pro se*, filed the instant action. Plaintiff is an inmate currently housed at the State Correctional Institution at Mercer. Named as Defendants in this case are: Pennsylvania Department of Corrections; Prison Health Service; Dr. Mark Baker; and Dr. Conrad Fraider. Plaintiff alleges that Defendants violated his Eighth Amendment rights by providing him with substandard medical care. As relief, Plaintiff seeks

1

EXHIBIT-I.

monetary damages.

Defendants are represented separately but have each filed a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff has filed an Opposition to each of the pending motions to dismiss[1], as well as a motion to amend the complaint. As such, this matter is ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land

---

[1] In his Opposition briefs, Plaintiff argues that the pending motions should be stricken because none of them contains a "verification" pursuant to the requirements of 28 U.S.C. § 1746. Plaintiff's argument in this regard is inapposite as under the Federal Rules of Civil Procedure federal courts do not require such verification.

2

Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C. Plaintiff's Medical History

Plaintiff alleges that on March 20, 2003, he sustained an injury to his right arm and shoulder. Following the injury, Plaintiff was examined by physician's assistant Dan Telega who referred Plaintiff to Dr. Bashline for further examination. Dr. Bashline referred Plaintiff to Dr. Fraider, an orthopedic specialist. According to Plaintiff, on April 16, 2003, Dr. Fraider examined Plaintiff and told him that his injury was cosmetic in nature and self-healing and that the institution's insurance would not pay for surgery to repair any damage.

The gist of Plaintiff's complaint is that he disagrees with Dr. Fraider's treatment plan (as implemented by the other Defendants) and claims that Fraider provided inadequate medical care. In support of his claim, Plaintiff alleges that he was later seen by another doctor who allegedly

3

told Plaintiff that he had sustained a ruptured bicep tendon and diagnosed rotator cuff problems, bone spurs, and problems with the shoulder ball and socket which required surgery.

### D.     *Respondeat Superior*

Plaintiff has not specified the allegedly unconstitutional conduct of Defendants Prison Health Service and Dr. Mark Baker.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Because Plaintiff has not alleged any specific conduct or personal involvement by these Defendants, the motion to dismiss should be granted as to Defendants Prison Health Services and Dr. Baker. See also Section F, infra.

4

### E. Deliberate indifference under the Eighth Amendment

All Defendants have moved to dismiss on the basis that Plaintiff has failed to establish a claim under the Eighth Amendment.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). See also Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

5

Plaintiff's own complaint reflects that he was medically evaluated shortly after his injury and thereafter by several medical professionals. Besides receiving medical care, including an evaluation by an orthopedic specialist, within the institution, Plaintiff was later transported to an outside hospital. Plaintiff's main complaint is that he disagrees with the medical treatment he received. However, Plaintiff's disagreement (or indeed, disagreement by another medical professional) does not rise to the level of an Eighth Amendment violation. As Plaintiff received some medical care, he cannot state a claim of deliberate indifference and therefore his claim should be dismissed as to all Defendants.

### F.     Futility of Amendment

Plaintiff has filed a motion to amend his complaint seeking to make more specific allegations of personal involvement against Defendants Baker and Fraider, including allegations of negligence and medical malpractice.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

The motion to amend should be denied as futile as Plaintiff's proposed amendments cannot overcome the defects of the original complaint. Even with more specific allegations of personal involvement by Defendant Baker which could overcome a dismissal based on *respondeat superior*, Plaintiff has not stated a valid claim because under the Eighth Amendment standard Defendants were not deliberately indifferent to Plaintiff's medical needs as explained above.

### III. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that motion to dismiss filed by Pennsylvania Department of Corrections [Document # 16] be GRANTED.

It is further recommended that the motion to dismiss filed by Dr. Baker and Prison Health Services [Document # 19] be GRANTED.

It is further recommended that the motion to dismiss filed by Dr. Fraider [Document # 23] be GRANTED.

It is further recommended that Plaintiff's motion to amend the complaint [Document # 29] be DENIED AS FUTILE.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: April 28, 2006

7

WHEREFORE, Plaintiff Request Nunc Pro Tunc the District Court Judge, to enter an Order De novo Rejecting Magistrate's Report/Recommendations, Adopt Mendez's Letter-Brief Reply filed in Opposition to Dismissal Motion

It is further prayed that the District Judge, Grant the Motion to Sustain Mendez's Complaint and Grant a Jury Trial to resolve the claims/issues, still unresolved and in dispute contrary to <u>the Report and Recommendation</u>

Mendez, ask that the Court disagree with Magistrate Judge's conclusions, misapprehension about <u>DOC/SCI-Albion's</u>, <u>Dr. Baker's</u>, the <u>P.H.S. Contract Employees</u> and <u>Dr. Fraider's</u> personal involvement/the 546 Days deliberate indifference "by not approving/applying "obviously needed and Dr. Bleday prescribed/recommended corrective surgery," As confirmed by Dr. Sharma!

The <u>Plaintiff's Medical Exhibits</u>: B. through I. are herein, incorporated

All Defendants Must be Held Liable under Eighth Amendment since they knew He faced a substantial risk of injury/harm failed to prevent it!

It's Requested that District Judge, make a De novo/in Banc determination of the effect from Delayed/Lack of Meaningful Prompt Surgery, complained of. Its a miscarriage of Justice not to find defendants, their policies, <u>delays and failure to treat caused the permanent injury, to Mendez's Arm</u>

*[signature]*
Samuel Mendez, CY-7322
DOC/SRCF-Mercer. K/8-2
801 Butler Pike
Mercer, PA 16137

Dated: May 2, 2006    // *<u>Reissued</u> - May 15, 2006.

## Certificate of Service

Attorneys of Record has been served by mailing a true and correct copy of this Letter-Brief for In banc/to Sustain Complaint to following:

James A. Drach, Clerk of Court
P. O. Box 1920 102 U.S. Courthouse
617 State St.  Erie, PA  16501

Robert A. Willig, Assist Atty General
6th Fl., Manor Bdg, 564 Forbes Avenue
Pittsburgh, PA  15219

Elizabeth M. Yanelli, Esq.,
One Oxford Centre, 38th Fl.
Pittsburgh, PA  15219

Samuel H. Foreman, Esq.,
603 Stanwix St. Ste. 1450 14th Fl.
Pittsburgh, PA  15222

Fran J. Klemensic, Esq.,
120 West 10th Street
Erie, PA  16501