IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(Letter-Brief)

SAMUEL MENDEZ, In Propria Personam     CIVIL DIVISION / 1983
    Pro se., Plaintiff,

        v.                              No. 05-35 Erie.

PA. DEPT. OF CORRECTIONS; PRISON HEALTH SERVICE;    JURY TRIAL DEMANDED
DR. MARK BAKER; DR. CONRAD FRAIDER, Defendants.


The Hon. Susan P. Baxter, Magistrate Judge,
 (for the Hon. Sean McLaughlin, Judge)
C/o United States District Court
  Post Office Box 1820
Erie, PA  16507


RE:  PLAINTIFF'S MEMORANDUM RESPONSE, LETTER BRIEF REPLY IN OPPOSITION
     TO DEFENDANT'S PRELIMINARY OBJECTION, SIC...OBJECTION TO DEFENDANT'S
     MOTION TO DISMISS; NOW COMES PLAINTIFF'S MOTION TO SUSTAIN COMPLAINT


To:   The Hon. Susan P. Baxter,

Dear Magistrate Judge Baxter,

Please accept this Letter-Brief, (per. *Fallen v. U.S.*, 84 S.Ct. 1689(1964)
filed in lieu of a formal brief filed for "Plaintiff's Reply/Memorandum/
Response in Opposition to a Dismissal Motion, files his Brief/Motion
to Sustain the Complaint, Nunc Pro Tunc.," in the above captioned matter.

Official Notice is given, To all whom this matter may hereafter concern:


                    JURISDICTION STATEMENT

    The Court's Jurisdiction is invoked pursuant to 42 USC 1983; 1331(a);
1343(a.1-3); The Eighth & Fourteenth Amendments of the U.S. Constitution.
The Court has Supplemental Jurisdiction over Plaintiff's State Law Tort
Claims under 42 USC 1985/1986; 28 USC 1367. *Greeno v. Daley*, 414 F.3d
645, (2005); *Sherman v. Franklin Regional Med. Ctr.*, 500 A2d 1370 (1995).


    AND NOW COMES, Samuel Mendez, the above named plaintiff, Who In Propria
Personam/Pro se., depose by law and say, that he's respectfully filing
"Plaintiff's Memorandum Response, A Letter-Brief Reply In Opposition
to Defendants Motion to Dismiss, Sic.../Motion to Sustain Complaint,"
And Now ask of this Court, in good faith to grant "Plaintiff's Letter-
Brief-Response/Motion to Sustain the Complaint." Thus allow this cause
of action to be heard and in support of his Letter-Brief-Response/Object
ion to Defendants Motion to Dismiss, Plaintiff states the following:

(1)

Plaintiff submits this response to defendants' Motion to dismiss his Complaint, Because defendants have failed to meet their burden of demonstrating that there is no dispute as to any material facts, And because the facts set forth in Plaintiff's Original and Amended Civil Complaint, shows beyond dispute defendants have violated his clearly established Constitutional Rights. The Court shall deny defendants dismissal motions

## FACTUAL ALLEGATIONS - STRICT LIABILITY

A Substantial Risk of Serious Harm/Injuries was present at Pa.SCI-Albion This is not such a complex medical malpractice/personal injury case, that the burden needed or cause and effects, should only be shown thus, satisfied by the written testimony, i.e. (Certificate of Merit Pa.R.C.P. Rule 1042.3(a.3) Herein, the Expert Testimony of an appropriate licensed medical professional is unnecessary for prosecution of medical claims,) Doctrine of Res Ipsa Loquitur applies, "in lieu of Certificate of Merit" from an expert doctor's medical opinion, that defendants in their acts or inactions deviated from acceptable and professional medical standards Because the proofs are "so obvious as to be within the range of natural experience & comprehension of any lay person." A Jury Trial is Demanded!

### I. Plaintiff Has Stated A Claim of Violation of the Eighth Amendment.

1. Instantly, Plaintiff, has filed a Complaint in this U.S. Federal Court on January 28, 2005. That on 3-20-03 While he was committed at the Pa.DOC/State Correctional Institution-Albion, (SCIA); That He was in good health and free of any injury, pain or suffering. He Complained that on March 20, 2003, He was Seriously Injured because of DOC Policies And the Lack of Prompt good faith Medical Diagnostic & Corrective Treatment, after receiving a ruptured bicep tendon in his arm/lost of usage! Defendant, Mark Baker, was responsible for SCIA Medical Decision-making, Doctor-Treatment Approvals, Weekly Inmate-Progress-Review and Emergency Training, Enforcement of State and Federal Health/Medical Care Polices.

2. Pa.DOC, didn't provide a safe working environment nor a Maintenance Supervisor; Mendez, was left on his own to lift a 180lb. Rug! Complaint: IV.(C). Statement of Claims. He Timely Reported the Incident on 3-20-03 But wasn't seen by (PHS Specialist), Dr. Conrad Fraider, until 4-16-03; He examined Plaintiff in bad faith, without benefit of a X-Ray or MRI, Dr. Fraider Mis-diagnosed Plaintiff's Injuries as Cosmetic/self-healing! Mr. Mendez, wasn't taken to Millcreek Hospital until 10-28-03, 223 Days after being injured, (3-20-03) He was examined by Dr. Bleday, Who found Mendez suffered ruptured bicep tendon, That he needed corrective surgery

3. As a result of the arm injuries received, He/Mendez was suffering severe pain, 546 Days since 3-20-03; So on 9-16-04 Plaintiff was taken to Hamot Medical Center and examined by Dr. Sharma, who opinioned that nothing now could be done for plaintiff's injuries due to length of time that had elapsed since the original injury. see Complaint: IV.(C) Defendants were deliberate indifferent in conduct by course of treatment perform, namely post-injury-diagnostics/delay in providing a recommended prescribed (surgery) treatment or good faith corrective medical care, that Dr. Bleday, and Dr. Sharma, agree should have been timely performed Mendez's permanent injury/suffering was caused by deliberate indifference

(2)

4. The Plaintiff's Complaint/Claims Page 2. - 4. starting at Paragraphs IV thru. VI. Is incorporated herein, as if set forth whole and in part.

## II. Defendants Are Deliberately Indifferent/to Clearly Established Law.

6. The DOC and Prison Health Services (PHS) Contract Employees, Delayed Timely/Meaningful Surgery; Said, Dr. Sharma, Who opinioned that "nothing could be done for Mendez's injuries due to long length of time elapsed since original injury." Defendants were deliberate indifferent in conduct by course of treatment perform; Here Defendant's post-injury-delay in not providing recommended prescribed surgery, by Doctors Bleday,/Sharma, was a 8th Amendment Violation and suffering by deliberate indifference.

7. Defendants concede, they were Medically Contracted and Personally responsible for not timely performing the prescribed corrective surgery!

8. Instantly, None of defendants performed their contracted duty to assure Mendez's good health before and Receive any prescribed treatments after the injury. Defendants "subjectively" ignored Mr. Mendez's Medical & Safety Needs! The Court of Appeals' would reverse, a Contrary Verdict as being Not Worthy of Confidence. We find Plaitiff has stated a claim, See Complaint/Claims at Pages 2. - 4. Paragraphs IV. - VI.

## III. Defendant's Are Not Entitled to Qualified Immunity from Damages.

9. Defendants knew Mendez was in serious need of corrective surgery, But because of cost, they intentionally delayed or refuse to provide prompt medical aid constituting, deliberate indifference. Cook v. Martin, 148 Fed. Appendex 327 (2005), Accord. Hamilton v. Leavy, 322 F.3d 776 (2003).

10. DOC is charged with not following Federal/Medical Care/Health Laws! Here acts performed subject to a "custom, policies and rules" that have not been formally approved by an appropriate decision-maker may fairly subject Pa. (DOC) Government to liability on the theory that the relevant practice is so widespread to have force of law. Defendants aren't immuned

### Conclusion

WHEREFORE, We have clearly established that DOC Prison Officials Violated His/Mendez's 8th/14th Amendment Rights to be Free from Cruel and Unusual Treatment, Violated his Right to Due Process; DOC' acted with deliberate indifference to the serious medical needs of a prisoner. We shall not ignored the facts, Will Reject Defendant's Motion to Dismiss and Grant Relief in Banc for a Jury Trial.

(3)(8)

WHEREFORE, Plaintiff Request Nunc Pro Tunc the District Court Judge, to enter an Order De novo Rejecting <u>Defendant's Motion/Brief to Dismiss</u>; Adopt Mendez's Letter-Brief filed in Opposition to Defendant's Motions.

It's further prayed that the District Judge, Grant this Motion to Sustain Mendez's Complaint and Grant a Jury Trial to resolve the claims/issues, still unresolved and in dispute contrary to Defendant's Motion to Dismiss

Mr. Mendez, ask that the Court disagree with Defendants Attorneys View, misapprehension about <u>DOC/SCI-Albion's</u>, <u>Dr. Baker's</u>, the <u>P.H.S. Contract Employees</u> and <u>Dr. Fraider's</u> personal involvement/546 Days of deliberate indifference "by not approving/applying "obviously needed" and Dr. Bleday prescribed/recommended corrective surgery," As confirmed by Dr. Sharma!

The <u>Plaintiff's Complaint</u>: Pages 2. thru 4. are herein, incorporated.

That All Defendants be Held Liable under Eighth Amendment, since they knew Mendez, faced a substantial risk of injury failed to prevent it!

He Requested that District Judge, make a De novo/in Banc determination of <u>the</u> effect from Delayed/Lack of Meaningful Prompt Surgery, complained of. It is miscarriage of Justice not to find defendants, their policies, <u>delays and failure to treat caused the permanent injury, to Mendez's Arm</u>

*Samuel Mendez* CY-7522
DOC/SRCF-Mercer. K/8-2
801 Butler Pike
Mercer, PA  16137

Dated: 5/15/06

## Certificate of Service

Attorneys of Record has been served by mailing a true and correct copy of this Letter-Brief for In banc/to Sustain Complaint to following:

James A. Drach, Clerk of Court
P. O. Box 1920 102 U.S. Courthouse
617 State St. Erie, PA  16501

Robert A. Willig, Assist Atty General
6th Fl., Manor Bdg, 564 Forbes Avenue
Pittsburgh, PA  15219

Elizabeth M. Yanelli, Esq.,
One Oxford Centre, 38th Fl.
Pittsburgh, PA  15219

Samuel H. Foreman, Esq.,
603 Stanwix St. Ste. 1450 14th Fl.
Pittsburgh, PA  15222

Fran J. Klemensic, Esq.,
120 West 10th Street
Erie, PA  16501

(4)

Plaintiff submits this <u>Response to Strike Magistrates Report & Recommendation</u>, Because the <u>defendants have failed to meet the burden</u> of demonstrating that there are no dispute as to any material facts, And because the facts set forth in Plaintiff's Original and Amended Civil Complaint, shows beyond dispute <u>defendants have violated his clearly established Constitutional Rights</u>. The Court must Deny Magistrate's Dismissal Report

### THE FACTUAL ALLEGATIONS AND STRICT LIABILITY TO BE CONSIDERED

A Substantial Risk of Serious Harm/Injuries was present at Pa.SCI-Albion This is not such a complex medical malpractice/personal injury case, that the burden needed or cause and effects, should only be shown thus, satisfied by the written testimony, i.e. (<u>Certificate of Merit</u> Pa.R.C.P. Rule 1042.3(a.3)...Because Expert Testimony from an appropriate licensed medical professional is unnecessary for prosecution of injuries claimed; Doctrine of <u>Res Ipsa Loquitur</u> applies, "in <u>l</u>ieu of Certificate of Merit" from an expert doctor's medical opinion, that defendants in their acts or inactions deviated from acceptable and professional medical standards Herein, <u>the</u> proofs' are "so obvious as to be within the range of natural experience and comprehension of lay persons." A Jury Trial is Demanded!

   I. Plaintiff Has Stated A Claim of Violation of the Eighth Amendment.

   1. Instantly, Plaintiff, has filed a Complaint in this U.S. Federal Court on January 28, 2005. That on 3-20-03 While he was committed at the Pa.DOC/State Correctional Institution-Albion, (SCIA); That He was <u>in good health and free of any injury</u>, pain or suffering. He Complained that on March 20, 2003, He was Seriously Injured because of DOC Policies And <u>the</u> Lack of Prompt good faith Medical Diagnostic & Corrective Treatment, after receiving a <u>ruptured bicep tendon</u> in his arm/lost of usage! Defendant, Mark Baker, was responsible for SCIA Medical Decision-making, Doctor-Treatment Approvals, Weekly Inmate-Progress-Review and Emergency Training, Enforcement of State and Federal Health/Medical Care Polices.

   2. Pa.DOC, didn't provide a <u>safe working environment</u> nor a <u>Maintenance Supervisor</u>; Mendez, was left on his own to lift a 180lb. Rug! <u>Complaint</u>: IV.(C). <u>Statement of Claims</u>. He Timely Reported the Incident on 3-20-03 But wasn't seen by Dr. Conrad Fraider, (PHS Specialist), Until 4-16-03; Dr. Fraider Mis-diagnosed Plaintiff's Injuries as Cosmetic/self-healing. He examined Plaintiff in bad faith, <u>without benefit of a X-Ray or MRI</u>! Next Mendez, wasn't taken to Millcreek Hospital until 10-28-03, <u>223 Days After Being Injured</u> on 3-20-03; He is examined by Dr. Bleday, Who found Mendez' suffered a ruptured bicep tendon, and <u>n</u>eeded corrective surgery!

   3. Because of the arm injuries received, He/Mendez was still suffering severe pain, 346 Days since 3-20-03; So on 9-16-04 Plaintiff was taken to Hamot Medical Center and examined by Dr. Sharma, Who opinioned that "nothing now could be done for plaintiff's injuries due to length of time that had elapsed since the original injury." See <u>Complaint</u>: IV.(C) Defendants were deliberate indifferent in conduct by course of treatment perform. Namely <u>p</u>ost-injury-diagnostics/delay in providing a recommended prescribed (surgery) treatment or good faith corrective medical care. that Dr. Bleday, and Dr. Sharma, agree should have been timely performed Mendez's permanent injury/suffering was caused by deliberate indifference

(5)

4. The Plaintiff's Complaint/Claim Pages 2. - 4. starting at Paragraphs IV thru. VI, Is incorporated herein, as if set forth whole and in part.

Here there are substantive allegations, (made of denial) and violations of constitutional rights in treatment of inmate, Plaintiffs Civil Rights Complaint shall be considered on its merits by a properly held hearing, Gregory v. Wyse, 512 F.2d 378 (1975). All Medical Staff Delayed Surgery!

5. Defendant, SCI-Albion, at all times was DOC's legal representative for Pa. State Government, namely for Medical-Care, Custody and Control of inmates housed in DOC; DOC/SCIA duties include the Prisons Operation, Enforcing Policies to assure Emergency-Medical-Treatment for Mr. Mendez.

Baker charged with not Enforcing Federal and State Medical/Health Laws! An act performed subject to a "custom, policies and rules" that have not been formally approved by an appropriate decision-maker may fairly subject the Pa. Government to liability on the theory that the relevant practice is so widespread as to have the force of law. DOC Caused Injury

### The Clearly Established Law

At time of Plaintiff's incarceration, It was clearly established that a prison official violates an inmate's (Mendez's) 4th Amendment Rights to due process if he acts with deliberate indifference to the serious medical needs of the prisoner. Lancaster v. Monroe Co. Ala., 116 F.3d 1419, 1425-1427 (1997). Magistrate's R. & R. has ignored all the facts!

6. On October 28, 2003, after being returned back to SCIA from Millcreek Hosp., Mendez again sought medical attention because he was experiencing severe pain in his arm/He couldn't sleep, couldn't control his arm to lift any heavey objects over 5 lb.; to the point his arm is useless. He/Baker failed to act upon Dr. Bleday's Surgery Recommendation, instead he wasted precious time not ordering surgery; He went Doctor shopping, for 546 days ignoring Mendez's injury, until inoperable by Dr. Sharma!

7. On 6-23-03 Baker told Mendez, He would have his injured arm repaired, would talk to Dr. Fraider. On 3-19-04 Baker, told Mendez' nothing was wrong. Yet his Seriously Injured arm obviously needed corrective medical treatment, Because of severe pain and fact Dr.Bleday/Sharma found injury

8. Dr. Fraider, was deliberately indifferent, offered no timely help, for over 546 days, instead informed Mendez, "because of DOC's Policies No help would be forth coming. He ignored timely surgery recommendations Fraider's conduct/inactions constitute deliberate indifference to Mendez Here, Defendants knew Mendez was in serious need of correctiv medical treatment, but intentionally failed/delayed or refuse to provide prompt "medical aid constitutes deliberate indifference." McElligott v. Foley, 182 F.3d 1248, 1255 (1999). Medez received no corrective medical surgery and found 3 yrs. later, with a major loss of the arms' useful movement.

9. The Lack of Prompt or Timely Medical Diagnostic/Corrective Treatment, after Dr. Bleday, on 10-28-03 gave DOC Notice, caused a longterm injury, Was tantamount to cruel/unusual punishment and Violated Eighth Amendment All Defendants Must be Held Liable under Eighth Amendment since they knew He faced a substantial risk of injury/harm failed to prevent it!

(6)

## II. District Judge Must Reject Magistrate's Report and Recommendations.

10. The Plaintiff Objects to the Magistrate's Report and Recommendation and He ask that the District Judge, Reject the Report and Recommendation Mendez, ask that the Court disagree with Magistrate Judge's conclusions, misapprehension about DOC/SCI-Albion's, Dr. Baker's, the P.H.S. Contract Employees and Dr. Fraider's personal involvement/the 546 Days deliberate indifference "by not approving/applying "obviously needed and Dr. Bleday prescribed/recommended corrective surgery," As confirmed by Dr. Sharma! The Plaintiff's Medical Exhibits: B. through I. are herein, incorparated

Herein, It's Requested that District Judge, make a De novo determination of the effect from Delayed/Lack of Meaningful Prompt Surgery, complained of. Here Magistrate failed to find defendants, their policies, delays failure to treat caused a permanent injury, With respect to Mendez's Arm

11. The DOC and Prison Health Services (PHS) Contract Employees, Delayed Timely/Meaningful Surgery; Said, Dr. Sharma, Who opinioned that "nothing could be done for Mendez's injuries due to long length of time elapsed since original injury." See Complaint: IV.(C). and Exhibits: B-I. Agree. Defendants were deliberate indifferent in conduct by course of treatment perform; Agree Defendants post-injury-delay in not providing recommended prescribed surgery, by Doctors Bleday,/Sharma, is a 8th Amend. Violation Agree Mendez's permanent suffering was caused by deliberate indifference

12. Agree Defendants concede, they're Medically Contracted, Personally responsible for not timely performing the prescribed corrective surgery!

13. Instantly, None of defendants performed their contracted duty to assure Mendez's good health before and Receive any prescribed treatments after the injury. Defendants "subjectively" ignored Mr. Mendez's Medical & Safety Needs! Our Court of Appeals' would reverse, a Contrary Verdict as being Not Worthy of Confidence. We find Plaitiff has stated a claim, See Complaint/Claims Pages 2-4. Paragraphs IV - VI. Exhibits: A.-thru-I.

## III. Defendant's Are Not Entitled to Qualified Immunity from Damages.

14. DOC is charged with not following Federal/Medical Care/Health Laws! An act performed subject to a "custom, policies and rules" that have not been formally approved by an appropriate decision-maker may fairly subject the Pa. Government to liability on the theory that the relevant practice is so widespread to have force of law. Defendants aren't immune

15. Plaintiff has clearly established that DOC Prison Official violated His (Mendez's) 8th/4th Amendment Rights to be Free from Cruel and Unusual Treatment and violated his Right to Due Process, DOC has acted with deliberate indifference to the serious medical needs of a prisoner. Lancaster, Supra. Here Mag's R. & R. II.(C-F) has ignored all the facts!

16. Defendants knew Mendez was in serious need of corrective surgery, then because of cost, intentionally delayed or refuse to provide prompt medical aid constitutes, deliberate indifference. Cook v. Martin, 148 Fed. Appendex 327 (2005), Accord. Hamilton v. Leavy, 322 F.3d 776 (2003) Conclusion: Mag.'s R/R. be Rejected and Relief for Jury Trial be Granted

(7)

WHEREFORE, Plaintiff Request Nunc Pro Tunc the District Court Judge, to enter an Order De novo Rejecting Magistrate's Report/Recommendations, Adopt Mendez's Letter-Brief Reply filed in Opposition to Dismissal Motion

It is further prayed that the District Judge, Grant the Motion to Sustain Mendez's Complaint and Grant a Jury Trial to resolve the claims/issues, still unresolved and in dispute contrary to <u>the Report and Recommendation</u>

Mendez, ask that the Court disagree with Magistrate Judge's conclusions, misapprehension about <u>DOC/SCI-Albion's</u>, <u>Dr. Baker's</u>, the <u>P.H.S. Contract Employees</u> and <u>Dr. Fraider's</u> personal involvement/the 546 Days deliberate indifference "by not approving/applying "obviously needed and Dr. Bleday prescribed/recommended corrective surgery," As confirmed by Dr. Sharma!

The <u>Plaintiff's Medical Exhibits</u>: B. through I. are herein, incorporated

All Defendants Must be Held Liable under Eighth Amendment since they knew He faced a substantial risk of injury/harm failed to prevent it!

It's Requested that District Judge, make a De novo/in Banc determination of the effect from Delayed/Lack of Meaningful Prompt Surgery, complained of. Its a miscarriage of Justice not to find defendants, their policies, <u>delays and failure to treat caused the permanent injury, to Mendez's Arm</u>

*[signature]*
Samuel Mendez, CY-7322
DOC/SRCF-Mercer. K/8-2
801 Butler Pike
Mercer, PA  16137

Dated: May 2, 2006    // *<u>Reissued</u> - May 15, 2006.

## Certificate of Service

Attorneys of Record has been served by mailing a true and correct copy of this Letter-Brief for In banc/to Sustain Complaint to following:

James A. Drach, Clerk of Court
P. O. Box 1920  102 U.S. Courthouse
617 State St.   Erie, PA  16501

Robert A. Willig, Assist Atty General
6th Fl., Manor Bdg, 564 Forbes Avenue
Pittsburgh, PA  15219

Elizabeth M. Yanelli, Esq.,
One Oxford Centre, 38th Fl.
Pittsburgh, PA  15219

Samuel H. Foreman, Esq.,
603 Stanwix St. Ste. 1450 14th Fl.
Pittsburgh, PA  15222

Fran J. Klemensic, Esq.,
120 West 10th Street
Erie, PA  16501