BLD-47   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3097
_____

SAMUEL MENDEZ,

Appellant,

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; PRISON HEALTH SERVICES; DR. MARK BAKER; DR. FRAIDER
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00035)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 16, 2006

Before:   MCKEE, FUENTES AND ROTH, <u>CIRCUIT JUDGES</u>

(Filed: May 8, 2007)
_____

OPINION
_____

PER CURIAM

   Samuel Mendez, an inmate at the State Correctional Institution at Albion,

Pennsylvania, appeals an order of the United States District Court for the Western District

of Pennsylvania dismissing his civil rights complaint. For the following reasons, we conclude that the appeal is meritless and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Mendez injured his right arm and shoulder while employed moving rugs in the prison medical department. Shortly after the injury occurred, he was examined by several physicians including Dr. Conrad Fraider, an orthopedic specialist contracted by Prison Health Services ("PHS"). Dr. Fraider concluded that Mendez's injury was cosmetic in nature and self-healing, and decided not to take an x-ray of the afflicted area or administer an MRI. Mendez alleges that he visited another physician several months later for a second opinion, and at that time received an x-ray that revealed a ruptured bicep tendon, rotator cuff problems, bone spurs in the right shoulder, and problems with the shoulder ball and socket. Mendez states that he continues to experience pain and that corrective surgery is no longer a viable option. He claims that he would not be experiencing these problems had he received proper treatment from prison medical personnel.

In 2005, Mendez filed suit under 42 U.S.C. § 1983 against the Pennsylvania Department of Corrections ("DOC"), PHS, Dr. Fraider, and Dr. Mark Baker, another physician affiliated with PHS, alleging that each defendant violated Mendez's Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs. Each defendant moved to dismiss the complaint. Mendez then filed a motion to amend his complaint to include more specific allegations against Dr. Baker, who allegedly examined Mendez's injury prior to Dr. Fraider. The matter was referred to a Magistrate

2

Judge, who issued a Report and Recommendation ("R&R") advising the District Court to deny Mendez's motion to amend as futile and grant the defendants' motions to dismiss. The District Court adopted the R&R in its entirety and ordered the case dismissed. Shortly thereafter, Mendez submitted untimely objections to the Magistrate Judge's findings, which the District Court considered and rejected. Mendez then filed a "motion to sustain complaint," which was denied by the District Court. Mendez has appealed the District Court's order adopting the R&R. We have jurisdiction under 28 U.S.C. § 1291. Because this Court has granted Mendez leave to proceed *in forma pauperis*, we must dismiss the appeal if it lacks an arguable basis in law or fact. See 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because Mendez is proceeding *pro se*, we will liberally construe his pleadings. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

We agree with the R&R that the Eighth Amendment claims against Dr. Fraider and Dr. Baker fail because Mendez's allegations fall short of demonstrating deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Mendez does not allege that the defendants intentionally refused to provide treatment or failed to exercise medical judgment; he merely disputes the correctness of the medical decisions that were made during the course of his treatment. At most, the alleged conduct evidences professional negligence, which is not actionable as a constitutional violation. See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("[M]ere allegations of malpractice do not raise issues of constitutional import

. . . [n]or does mere disagreement as to the proper medical treatment support a claim of an eight amendment violation."). The R&R also correctly concluded that Mendez has not stated a claim against PHS because the complaint does not indicate that this party had any direct involvement in the alleged wrongful conduct, and *respondeat superior* is not a recognized basis for liability under § 1983. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Finally, Mendez's claim against the DOC fails because a state agency is not a proper party in a § 1983 action. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Latessa v. New Jersey Racing Comm'n, 113 F.3d 1313, 1316 n.2 (3d Cir. 1997). Moreover, the Eleventh Amendment precludes Mendez from recovering money damages from a state agency such as the DOC. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977).

Because Mendez has failed to set forth allegations sufficient to state an Eighth Amendment claim, the District Court correctly dismissed the entire complaint and denied Mendez's motion to amend. Thus, his appeal lacks merit and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B)(I).